## WINOKUR v. STATE BOARD OF DENTISTRY.

1. CERTIORARI—STATE BOARD OF DENTISTRY—REVIEW BY SUPREME COURT.

    Certiorari is the proper remedy to review proceedings by the State board of dentistry revoking dentist petitioner's license to practice, where pertinent statute empowers the Supreme Court to review questions of law involved in any final decision or determination of the board (CL 1948, § 338.219).

2. SAME—SCOPE OF REVIEW—EVIDENCE.

    The office of a writ of certiorari is to review questions of law, the evidence being examined, not to determine whether the probabilities preponderate one way or the other, but to determine whether the evidence is such that it will justify the finding of the lower tribunal as a legitimate inference from the facts proved, whether that inference would, or would not, have been drawn by the appellate tribunal.

3. PHYSICIANS AND SURGEONS—PERMITTING UNLICENSED PERSON TO PRACTICE DENTISTRY—FINDING OF STATE BOARD.

    Finding of State board of dentistry that licensee to practice dentistry had knowledge of the fact that his employee was practicing dentistry without a license and warranted revocation of license *held,* justified under record presented on certiorari (CL 1948, §§ 338.218, 338.219).

4. ADMINISTRATIVE LAW—HEARINGS—EVIDENCE.

    An administrative agency has a wide latitude in the admission of evidence by its hearing board, since it must, so far as prac-

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur, Certiorari § 12.
   Certiorari to review revocation of license.   102 ALR 534.
[2] 10 Am Jur, Certiorari § 3.
[3] 41 Am Jur, Physicians and Surgeons § 53.
[4] 42 Am Jur, Public Administrative Law § 129.
[6] 41 Am Jur, Physicians and Surgeons §§ 45, 46.
[8, 9] 50 Am Jur, Statutes § 269.
[10] 41 Am Jur, Physicians and Surgeons § 61.

ticable, follow rules of evidence applicable to proceedings in chancery cases, but may, in its discretion, give probative effect to evidence possessing probative value commonly accepted by reasonably prudent men, give effect to rules of privilege, and exclude incompetent, immaterial, and unduly repetitious evidence (CLS 1956, § 24.105).

5. PHYSICIANS AND SURGEONS—DENTISTS—REVOCATION OF LICENSE—ADMISSION OF EVIDENCE.

Record of proceeding by State board of dentistry to revoke license to practice *held*, to fail to disclose any prejudicial error in regard to the admissibility of evidence of telephone company employees as to advertising in telephone directory (CLS 1956, § 24.105; CL 1948, §§ 338.218, 338.219).

6. SAME—DENTISTS—REVOCATION OF LICENSE.

The legislature has conferred power upon the State board of dentistry to revoke a license to practice dentistry for an indefinite period of time for violation of rules and regulations for the practice of dentistry (CL 1948, §§ 338.218, 338.219).

7. WORDS AND PHRASES—REVOKE.

The word *revoke* as used in statute empowering an administrative agency to revoke a license imports finality.

8. STATUTES—CONSTRUCTION OF MODIFYING CLAUSE.

It is a general rule of statutory, as well as grammatical, construction that a modifying clause is confined to the last antecedent, unless there is something in the subject matter or dominant purpose which requires a different interpretation.

9. PHYSICIANS AND SURGEONS—DENTISTS—REVOCATION OF LICENSE FOR INDEFINITE PERIOD—CONSTRUCTION OF STATUTES.

Statute providing that if an accused licensee pleads guilty or the State board of dentistry finds him guilty of charges made "it may revoke or suspend his license for a limited period" empowers the board to revoke the license for an indefinite period, the modifying clause "for a limited period" having reference to "suspend" (CL 1948, § 338.219).

10. SAME—DENTIST—REVOCATION OF LICENSE—HEARING.

Petitioner for certiorari whose license to practice dentistry had been revoked by the State board of dentistry *held*, under record presented, to have had a fair and impartial hearing (CL 1948, §§ 338.218, 338.219).

Certiorari by William Winokur against State Board of Dentistry, an administrative tribunal, to

review its decision revoking his license to practice dentistry. Submitted January 2, 1962. (Docket No. 13, Calendar No. 49,047.) Order of defendant board affirmed March 19, 1962. Rehearing denied May 17, 1962.

*Frank Schwartz (Arthur M. Lang,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Joseph B. Bilitzke,* Solicitor General and *Percival R. Piper,* Assistant Attorney General, for defendant board.

KAVANAGH, J. Petitioner, a practicing dentist, appeals on leave granted from a determination by defendant Michigan State board of dentistry that he had violated subsections 5 and 17 of section 18 of PA 1939, No 122 (CL 1948, § 338.218 [Stat Ann 1956 Rev § 14.629(18)]), and had violated his probation under a previous order of the board dated November 6, 1959. The board revoked petitioner's licenses effective October 12, 1960.

Petitioner raises 4 questions on appeal.

The first question is whether or not certiorari is a proper remedy available to plaintiff to review the findings of the Michigan State board of dentistry. The attorney general agrees, on behalf of the board, that plaintiff's remedy is by certiorari. We do not believe any serious question is presented in this regard. Section 19 of PA 1939, No 122 (CL 1948, § 338.219 [Stat Ann 1956 Rev § 14.629(19)]), provides in part as follows:

"The findings of fact made by the board acting within its power shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of the board."

Certiorari is the proper remedy to review such proceedings.

The second question is whether the Michigan State board of dentistry sustained the burden of proving the petitioner had knowledge of the fact that Dave Edelsohn, an employee, was practicing dentistry without a license.

The function of the Supreme Court in reviewing by certiorari has been stated in many decisions of this Court, but never more clearly than in *Jackson* v. *People*, 9 Mich 111 (77 Am Dec 491), where the rule is set forth as follows (pp 119, 120) :

"The office of a certiorari is not, however, to review questions of fact, but questions of law. And in examining into the evidence the appellate court does so not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would, or would not, have been drawn by the appellate tribunal."

The above rule has been repeatedly followed by this Court, most recently in the case of *Trojan* v. *Taylor Township*, 352 Mich 636.

An examination of the record in the instant case leads us to believe the evidence is such that it justified the finding of knowledge as a legitimate inference from the facts proved. We, therefore, will not disturb the finding of the board in that regard.

Petitioner's third question deals with alleged errors of law at the hearing. These involve the admission in evidence of certain testimony by one Armand Archambault, a witness for defendant board, who testified he was an employee of the Michigan Bell Telephone Company in charge of the portion of the phone book referred to as "the yellow pages." He identified 2 advertisements in the yellow pages which he said were ordered and paid for by Dr. Winokur. Another witness, William Hawkins, called

by the board, testified he was in charge of the commercial department of the Michigan Bell Telephone Company. He produced bills and testified they were mailed to petitioner and paid by him.

The statute in regard to the admission of evidence in administrative proceedings provides a wide latitude for a hearing board. This statute—section 5 of PA 1952, No 197, as amended (CLS 1956, § 24.105 [Stat Ann 1961 Rev § 3.560(21.5)])—provides in regard to the admission of evidence as follows:

"(1) Agencies shall so far as practicable follow the rules of evidence applicable to proceedings in chancery cases, but may in their discretion admit and give probative effect to any evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs. They shall give effect to the rules of privilege recognized by law. They may exclude incompetent, immaterial and unduly repetitious evidence.

"(2) All evidence, including records and documents in the possession of the agency of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies or excerpts, or by incorporation by reference."

The record fails to disclose any prejudicial error in regard to the admissibility of evidence.

The final question is whether the penalty imposed upon petitioner by the Michigan State board of dentistry was in excess of the statutory power vested in the board. Petitioner contends the board had no legal authority to impose a revocation of his licenses for an indefinite period of time. It is the contention of petitioner that the board has only such powers as are vested in it by the statute which created it. He

relies on CL 1948, § 338.219 (Stat Ann 1956 Rev
§ 14.629[19]), which reads in part as follows:

"If the accused pleads guilty, or after hearing he
shall be found guilty by the board of any of the
charges made, *it may revoke or suspended his license
for a limited period.*" (Emphasis supplied.)

Plaintiff fails to cite in his brief or appendix sec-
tion 18 of the same statute,* which reads in pertinent
part as follows:

"The board shall have the power, and it shall
be its duty, and it is hereby authorized, to suspend
for a limited period or to revoke the license of any
licensed dentist or any licensed dental hygienist for
any of the following reasons:  *  *  *
"7. For violation of the rules and regulations for
the practice of dentistry, provided for in section 2
hereof."

On reading sections 18 and 19 together, it is clear
the legislature has given the board the power to
revoke for an indefinite period. It has also given
the board power to suspend for a limited period.
The word "revoke" imports finality.

It is a general rule of statutory, as well as gram-
matical, construction that a modifying clause is con-
fined to the last antecedent, unless there is something
in the subject matter or dominant purpose which
requires a different interpretation. See *Haveman*
v. *Kent County Road Commission,* 356 Mich 11, and
the cases therein cited.

We find nothing either in the language of the act
involved or by implication of the subject matter
or purpose of the statute to compel a different con-
struction. Reading the entire act, we find the inten-
tion is clear that the modifying clause in section 19—
"for a limited period"—has reference to the last
antecedent—suspend.

* CL 1948, § 338.218 (Stat Ann 1956 Rev § 14.629[18]).—REPORTER.

An examination of the entire record seems to disclose that petitioner received a fair and impartial hearing.

The order of the Michigan State board of dentistry dated October 12, 1960, is affirmed. Defendant shall have costs.

DETHMERS, C. J., and CARR, KELLY, BLACK, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.