THE FLAMINGO, INCORPORATED, A CORPORATION, APPELLANT, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

173 N. W. 2d 369

Filed December 19, 1969. No. 37318.

Leamer & Galvin, for appellant.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellee.

Heard before WHITE, C. J.; CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The question involved in this case is the proper venue of an appeal from a license suspension order of the Nebraska Liquor Control Commission. On July 19, 1968, as a result of the hearing at the Commission's office in Lincoln, Nebraska, the appellant's liquor license was suspended for a period of 10 days. This action was taken and the order entered at the Commission's office in Lincoln, Nebraska. Appellant filed a petition on appeal in the district court for Dakota County, Nebraska. The Commission filed a special appearance, objecting to the Dakota County district court's jurisdiction, which was sustained by the district court. This ruling is before us on this appeal. We affirm the judgment of the district court sustaining the special appearance and dismissing the purported appeal.

The appellant contends that an appeal from the suspension of a liquor license may and must be brought in the district court for the county where the licensee resides. It relies upon section 53-1,116, R. R. S. 1943, which provides: "* * * (3) Within twenty days after the service of any * * * decision of the commission upon any party to the proceeding, * * * such party may apply for a rehearing in respect to any matters determined by the commission. * * * No appeal shall be allowed from any decision of the commission, except as is provided for in subsection (5) of this section. * * * (5) Any decision of the commission * * * *revoking* * * * a license or permit for the sale of alcoholic liquors, * * * may be reversed, vacated, or modified by the district court of the county where * * * the licensee resides * * *." (Emphasis supplied.) Appellant contends that "revoking" is synonymous with "suspension" under the statute. We disagree.

The words "suspension" and "revocation" are not synonymous. United Air Lines v. Civil Aeronautics Board, 198 F. 2d 100, 108 (7th Cir., 1952); Martinka v. Hoffmann, 214 Minn. 346; 9 N. W. 2d 13 (1943). "Sus-

pension" normally means a temporary cessation. Gaston v. Pittman, 285 F. Supp. 645, 649 (N. D., Fla., 1968); Hild v. Polk County, 242 Iowa 1354, 49 N. W. 2d 206 (1951); Orme v. Atlas Gas & Oil Co., 217 Minn. 27, 13 N. W. 2d 757 (1944). It infers an expectation or purpose of resumption. State ex rel. Currie v. McCready, 238 Wis. 142, 297 N. W. 771 (1941). On the other hand, "revocation" implies a permanent termination. Vogulkin v. State Board of Education, 194 Cal. App. 2d 424, 427, 15 Cal. Rptr. 335, 337 (1961). When used within a statute it imports finality. Winokur v. Michigan State Board of Dentistry, 366 Mich. 261, 114 N. W. 2d 233 (1962).

The semantical distinction, although sufficient alone to decide this case, reveals a balanced legislative policy designed to expedite the day-to-day necessities of discipline and control by the Commission. Clearly temporary suspensions are an effective weapon to discipline licensees and insure compliance with the law. The swiftness and certainty of the execution of the disciplinary orders are vital to any law enforcing mechanism. A routine appeal by a licensee to district courts in outlying counties in the state might easily emasculate the effective enforcement by the Commission of its temporary suspension and disciplinary order. On the other hand, it is clear the statute contemplates that when a revocation is ordered, and the life of the licensee's business is at stake, together with his investment, equipment, etc., then he is entitled to a hearing in the jurisdiction where the witnesses may be summoned and the evidence more conveniently produced.

Since it is not a revocation, a suspension is not governed by section 53-1,116, R. R. S. 1943. The Commission is an administrative agency within the meaning of the term as defined in section 84-901, R. R. S. 1943. Terry Carpenter, Inc. v. Nebraska Liquor Control Commission, 175 Neb. 26, 28, 120 N. W. 2d 374, 376 (1963). It is therefore governed by the rules of administrative agencies. Section 84-917, R. R. S. 1943, is controlling in

this case. It provides: "(1) Any person aggrieved by a final decision in a contested case, * * * is entitled to judicial review under sections 84-917 to 84-919. * * * (2) Proceedings for review shall be instituted by filing a petition *in the district court of the county where the action is taken* * * *." (Emphasis supplied.) Since the petition was filed in Dakota County it is clear that appellant has not complied with the requirements of this section. The "action (was) taken" in Lancaster County, and thus the petition should have been filed in the district court for Lancaster County. "The right to appeal is statutory and the requirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action." Radil v. State, 182 Neb. 291, 293, 154 N. W. 2d 466, 468 (1967), citing Brown v. City of Omaha, 179 Neb. 224, 137 N. W. 2d 814 (1965).

The judgment of the district court is correct and is affirmed.

AFFIRMED.

SMITH, J., dissenting.