YOUNG *v* LIQUOR  CONTROL COMMISSION

ADMINISTRATIVE LAW—EVIDENCE—ADMISSIBILITY—HARMLESS ERROR.
The Liquor Control Commission's admitting a certified copy of
the conviction of licensee's employee of the crime which was
the basis of the complaint against the licensee and allowing
a police officer to testify as to the conviction was not reversible
error where the properly admitted, unrebutted, and uncontra-
dicted testimony of the police officer sufficiently established a
*prima facie* case for the complaint, because any error in the
admission of the evidence was not prejudicial.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 February 1, 1972, at Detroit.
(Docket No. 11581.)  Decided February 29, 1972.
Leave to appeal denied, 387 Mich 785.

Complaint for superintending control by Robert
C. Young against the Liquor Control Commission to
review a finding by the Commission that Young had
violated the administrative code.  Judgment for
plaintiff.  Defendant appeals.  Reversed and re-
manded to the commission for enforcement of its
order.

*Ivan E. Barris,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Richard I. Rubin,*
Assistant Attorney General, for defendant.

REFERENCE FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law § 376 *et seq.*

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. May 31, 1967, defendant issued a complaint against plaintiff charging violation of the Administrative Code 1954, R 436.3(b). The specific charge was that an employee of plaintiff arranged for Officer Devolder to meet with a woman for purposes of prostitution. At the hearing on the complaint before Commissioner Jarboe, Officer Devolder was permitted to testify, over objection, as to the employee's arrest and conviction of aiding and abetting prostitution on these same facts. A certified copy of the conviction was offered in evidence, objected to, and was taken under advisement by the commissioner.

May 14, 1968, the commissioner found that the violation charged had been committed and penalized plaintiff. The appeal board of defendant affirmed the commissioner by order of March 3, 1969. March 17, 1969, plaintiff sought review in circuit court by way of superintending control in the nature of certiorari. The circuit court found prejudicial error in the receipt in evidence of the testimony relative to plaintiff's employee's conviction of aiding and abetting prostitution, and remanded the matter to the commission by order dated April 2, 1971. On leave granted, defendant appeals.

Assuming for the moment that it was error to receive in evidence the objected-to testimony of Officer Devolder, was this prejudicial error? We hold it was not.

At the appeal board hearing on August 29, 1968, plaintiff's counsel conceded that Officer Devolder's testimony was sufficient to establish a *prima facie* case. Officer Devolder's testimony was not rebutted nor contradicted. This testimony established the charge against plaintiff without the evidence ob-

jected to.  In such a situation, a trial court would not be reversed on appeal because of erroneous admission of evidence, *Boardman* v *Boozewinkel,* 121 Mich 320 (1899), and an administrative agency, which has wide latitude in the admission of evidence* will not be.

Discussion of the other issues raised on appeal is unnecessary.

Reversed and remanded to the commission for enforcement of its order of March 3, 1969.

---

* *Winokur* v *Board of Dentistry,* 366 Mich 261 (1966).