223 N.W.2d 148 (1974)
192 Neb. 594
John A. DOWNER, Appellant,
v.
[*]Lawrence L. GRAHAM and Stanley Huth et al., State Department of Public Welfare, Appellees.
No. 39451.
Supreme Court of Nebraska.
November 14, 1974.
*149 Donald E. Sanders, Panhandle Legal Services, Inc., Scottsbluff, Neb., Robert S. Catz, Burton D. Fretz, Howard S. Scher, Migrant Legal Action Program, Inc., Washington, D. C., for appellant.
Clarence A. H. Meyer, Atty. Gen., E. D. Warnsholz, Asst. Atty. Gen., Lincoln, for appellees.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.
CLINTON, Justice.
This action arises from a hearing before the Department of Public Welfare under the provisions of section 68-1016, R.R.S. 1943. The Department of Public Welfare, after the hearing, terminated the plaintiff's eligibility for disability aid. The plaintiff filed a petition in error in the District Court for Scotts Bluff County, Nebraska, asking a review of the order. The petition set forth in general terms the nature of the proceedings had before the Department of Public Welfare; and alleged that the department after the hearing had found that the plaintiff was no longer disabled within the meaning of section 68-1005, R.R.S.1943, such finding being affirmed upon appeal to the department under the provisions of section 68-1016, R.R.S.1943. It further alleged that the plaintiff was disabled as an "alcoholic neurotic"; that he was undergoing treatment at a center for alcoholism; that he and his family were unable to sustain themselves on the plaintiff's earnings; that their needs as defined by department standards were not met; and that he was entitled to public assistance. The plaintiff further alleged that the Department of Public Welfare had entered into a contract which undertook to subsidize the cost of his rehabilitation; that by reason of the terms of said contract the department was not entitled to discontinue the public assistance; that his treatment had only been partly completed; and that he will be unable to complete it because of the discontinuance of the public assistance. The petition then prayed for reversal of the order of the department.
At the same time he filed the petition, plaintiff filed what amounted to an affidavit of poverty and obtained leave of court to proceed without payment of costs. With the petition in error the plaintiff filed a motion in which he specifically asked that the matter be heard as a petition in error and made reference to the applicable statutes. This motion further set forth plaintiff's view that appeal proceedings under section 84-917, R.R.S.1943, were not available to him because they had been interpreted to place venue in the District Court for Lancaster County and that because of his poverty this recourse was not available to him. Summons, as required by statutes pertaining to error proceedings, was served upon the defendant Director of the Department of Public Welfare.
The defendant entered a special appearance "for the reason that the administrative decision being appealed was completely made in Lincoln, Nebraska, thus vesting jurisdiction in the District Court of Lancaster County, Nebraska under provisions of the Administrative Procedures Act, Section 84-917 R.R.S.1943."
The trial court sustained the special appearance for the reason that, under the provisions of section 84-917, R.R.S.1943, providing for appeals under the Administrative Procedures Act, jurisdiction was vested in the District Court for Lancaster County. Accordingly, it dismissed the action.
*150 On appeal errors assigned are: (1) As section 84-917(1), R.R.S.1943, provides in part: "Nothing in this section shall be deemed to prevent resort to other means of review, redress, or relief provided by law," plaintiff argues that review by error proceedings under section 25-1901 et seq., R.R. S.1943, are and were available and the court therefore erred in dismissing the petition. (2) If, under the provisions of section 84-917, R.R.S.1943, exclusive venue lies in the District Court for Lancaster County, then that provision of the statute is unconstitutional because it denies to indigents due process and equal protection under the federal Constitution and is also unconstitutional under the provisions of Article I, sections 1, 13, and 24, Constitution of Nebraska.
The Department of Public Welfare here contends that even though review by petition in error may be available to the plaintiff, nonetheless the order of the District Court for Scotts Bluff County dismissing the petition in error was correct because the plaintiff did not comply with the jurisdictional requirements of sections 25-1905 and 25-1906, R.R.S.1943, by filing with the petition an authenticated transcript of the proceedings, including the order appealed from.
The department cites Lanc v. Douglas County Welfare Administration, 189 Neb. 651, 204 N.W.2d 387, for the proposition that: "The provision of the statutes requiring the plaintiff in error to file with his petition an authenticated transcript of the proceedings containing the final order sought to be reversed, vacated, or modified is jurisdictional and mandatory." The plaintiff, in his motion previously referred to and in his brief here, cites that case as support for his position that proceeding by petition in error was an alternative remedy open to him.
In Lanc v. Douglas County Welfare Administration, supra, we pointed to the provision of section 84-917, R.R.S.1943, which provides that "Nothing in this section shall be deemed to prevent resort to other means of review," as supporting the plaintiff's position in that case that he was entitled to review by petition in error as an alternative to proceeding under the Administrative Procedures Act. That, we believe, was clearly correct. Section 25-1901, R.R. S.1943, provides: "A judgment rendered, or final order made, by a county court . . or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court." Section 25-1903, R.R.S.1943, provides in part: "The proceedings to obtain such reversal, vacation or modification shall be by petition entitled petition in error, filed in a court having power to make reversal, vacation or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action."
In Lanc v. Douglas County Welfare Administrator, supra, we were not called upon to decide where venue lay in a petition in error proceeding. Since the plaintiff had clearly failed to comply with the jurisdictional prerequisites to proceeding by petition in error, the issue of venue was immaterial. Nor did we address the claim of the defendant that venue lay in Lancaster County by virtue of section 84-917, R.R.S. 1943, as interpreted in The Flamingo, Inc. v. Nebraska Liquor Control Commission, 185 Neb. 22, 173 N.W.2d 369. It is clear that nothing which was said in that opinion can be viewed as determining the proper venue of either error proceedings under section 25-1901 et seq., R.R.S.1943, or appeals under section 84-917, R.R.S.1943, as they apply to this case.
We point out that appeal under section 84-917, R.R.S.1943, is not available "where other provisions of law prescribe the method of appeal." Section 84-917(7), R.R.S. 1943. There appear to be no such other provisions applicable to this case. Section 68-1016, R.R.S.1943, lays down the provisions for the administrative hearing and administrative appeal in case of denials or *151 termination of public assistance. It provides: "The Director of Public Welfare shall provide for granting an opportunity for a fair hearing before the Department of Public Welfare to any individual whose claim for assistance . . . is denied, not granted in full, or is not acted upon with reasonable promptness by the county board of public welfare." It further provides: "An appeal shall be taken by filing with the county board of public welfare or the director a written notice of appeal. . .. The director shall thereupon, in writing, notify the appellant and the county board of public welfare of the time and place for hearing, which shall not be less than one week nor more than six weeks from the date of such notice. Hearings shall be before the director or his duly authorized agent. On the basis of evidence adduced, the director shall enter a final order on such appeal, which order shall be transmitted to the appellant and to the county board of public welfare. Such proceedings shall be taken by the county board of public welfare as will carry into effect the final order of the director."
Regulations adopted by the Department of Public Welfare pursuant to the authority granted in section 68-1001.01, R.R.S.1943, implement the statutory right to a fair hearing and administrative appeal. Among other things, they provide that the appeal forms furnished by the department may be filed with the county division and that the place of hearing shall be in the county in which the appellant resides.
Section 84-917(2), R.R.S.1943, provides: "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken." (Emphasis supplied.) The regulations of the Department of Public Welfare and the provisions of section 68-1016, R.R.S.1943, clearly indicate that the action is taken in the county of the applicant's or recipient's residence. The Flamingo, Inc. v. Nebraska Liquor Control Commission, supra, cannot be taken as holding that venue for review of appeals under the Administrative Procedures Act is, in all cases, in the District Court for Lancaster County. In that case the action of the Nebraska Liquor Control Commission was "taken" in Lancaster County. It is clear that "where the action is taken" depends, not upon section 84-917, R.R.S.1943, alone, but upon the statutory procedure to be followed by the agency in each case.
In the case at hand, it seems clear that the "action taken" is in the county of the plaintiff's residence. Under the provisions of section 68-1016, R.R.S.1943, and the regulations earlier mentioned, it is the action of the county board of that county which is the subject of the administrative review. The administrative appeal from that action is then taken by filing notice either with the county board or with the director. The appeal hearing itself is held in the county of the plaintiff's residence. The final order of the director is delivered to the affected party and to the county board of his place of residence. After final decision on this administrative appeal, "Such proceedings shall be taken by the county board of public welfare as will carry into effect the final order of the director." Section 68-1016, R.R.S.1943. The sole event that may occur in other than the county of the residence of the affected person is the consideration by the director of his decision. Even that is not mandated by statute for if the hearing is held before the director, as the statute authorizes, then presumably he might also make his decision in the county of the residence of the affected party.
The general statutes on venue, sections 25-401 et seq. R.R.S.1943, do not appear to have specific applicability except possibly by way of analogy. In State ex rel. Johnson v. Central Nebraska P. P. & Irr. Dist., 140 Neb. 471, 300 N.W. 379, we said: "In the absence of clear and specific statutory provisions as to the venue of an action, the substantial nature of the issues involved in an action and the statutory provisions as to analogous situations may be followed to determine the proper venue. 67 *152 C.J. 20." Here we have one of those not unusual, but seemingly anomalous, situations where the department which is the tribunal exercising the judicial power becomes upon review the party defendant. Section 25-404, R.R.S.1943, provides in part as follows: "Actions for the following causes must be brought in the county where the cause or some part thereof arose: . . . (2) an action against a public officer, for an act done by him in virtue of or under color of his office, or for any neglect of his official duty; . . .." That section of the statute does not cover precisely the situation which we have here, but it is analogous. For reasons already delineated we are constrained to believe that under the provisions of sections 68-1016 and 84-917, R.R.S.1943, it is clearly the legislative will that venue in the case of review of orders made under the provisions of section 68-1016, R.R.S.1943, lies in the county of the residence of the appellant. We therefore hold that proceedings by petition in error is an available method of review in addition to appeal under section 84-917, R.R.S.1943, from decisions of the Department of Public Welfare made under the provisions of section 68-1016, R.R.S.1943, and that venue in both instances is in the District Court for the county of residence of the plaintiff.
We now proceed to examine the critical question of whether the plaintiff is barred from having his day in court because he failed to comply with jurisdictional requirements applicable to the petition in error proceedings. We see no escape from the conclusion that he is. The order of the Department of Public Welfare from which he sought to appeal was made on December 7, 1973. On December 26, 1973, he filed the petition in error in the District Court for Scotts Bluff County. No authenticated copy of the proceedings, including the order appealed from, was filed with it. He had 1 calendar month from December 7, 1973, to make that filing. § 25-1931, R.R.S. 1943. The special appearance was not entered until January 9, 1974, and the order of dismissal not made until January 24, 1974. The trial court may have been mistaken in the reason for the dismissal. We cannot, however, overlook the jurisdictional error which exists. See Anania v. City of Omaha, 170 Neb. 160, 102 N.W.2d 49. Even though plaintiff was entitled to proceed without payment of costs, he cannot be relieved of meeting jurisdictional requirements. There is no showing made anywhere in the record that he was denied an authenticated transcript because of nonpayment of costs. It has been held at least since 1905 that the requirement in question is jurisdictional. Smith v. Delane, 74 Neb. 594, 104 N.W. 1054. This holding has since been reiterated in numerous cases, including Anania v. City of Omaha, supra, and Lanc v. Douglas County Welfare Administration, supra.
Affirmed.
NOTES
[*] Alan H. Ihms, substituted.