323 N.W.2d 89 (1982)
212 Neb. 448
BOARD OF EDUCATION OF KEYA PAHA COUNTY HIGH SCHOOL DISTRICT, a Class VI district, Appellant,
v.
STATE BOARD OF EDUCATION et al., Appellees.
No. 44317.
Supreme Court of Nebraska.
August 13, 1982.
*90 William B. Cassel of Cassel & Cassel, Ainsworth, for appellant.
Edward E. Hannon of Cronin, Hannon & Symonds, O'Neill, for appellees Richardson et al.
Paul L. Douglas, Atty. Gen., and Harold Mosher, Asst. Atty. Gen., Lincoln, for appellee State Board.
Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired.
HASTINGS, Justice.
This is an appeal by the petitioner, Board of Education of Keya Paha County High School District, from the judgment of the District Court for Keya Paha County affirming the order of the respondent State Board of Education dated August 25, 1980. This latter order had declared that the children of respondents Elmer Richardson, Havor Heyden, and Curtis Hitchcock might attend the public high school in Burke, South Dakota, and that the petitioner shall pay the sum of $1,968.40 for each of such children who attend said high school during the 1980-81 school year. The original proceedings before the State Board of Education were authorized by Neb. Rev. Stat. § 79-1103.05 (Reissue 1976).
The petitioner assigns as error: (1) The trial court erred in failing to hold said statute to be special or class legislation in violation of the Constitution of the State of Nebraska; (2) The court erred in failing to hold that said statute was violative of the equal protection clause of the Constitution of the United States; and (3) The court erred in holding that the State Board of Education had authority to order payment of tuition for students of the petitioner school district while attending the Burke, South Dakota, high school.
The petitioner is a Class VI school district within the meaning of Neb. Rev. Stat. §§ 79-1101 et seq. (Reissue 1981), and operates a public high school. The respondent State Board of Education was created by Neb. Rev. Stat. §§ 79-321 et seq. (Reissue 1981), and is an administrative agency within the meaning of Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1981). The individual respondents named above are residents of the petitioner district and are the parents of children of high school age residing with them within such district. A related case and a forerunner of this litigation, Richardson v. Board of Education, is reported at 206 Neb. 18, 290 N.W.2d 803 (1980).
In effect at the time pertinent to this litigation was § 79-1103.05 (Reissue 1976), which provided: "(1) When application is made in writing by the parent or guardian of a pupil subject to the provisions of this section, the board of education of any school district of the sixth class maintaining an accredited high school may pay the regular high school tuition for any pupil residing in *91 such school district and attending an accredited or approved high school in this state outside such school district when such high school shall be located at least ten miles closer to the place of residence of such pupil than the school maintained by such school district and when, in the opinion of the board of education, the best interest of such pupil or such school district may so require. When the school attended is outside this state, the board of education may pay the regular high school tuition or such portion thereof as may be agreed upon by the respective governing bodies.
"(2) Any parent or guardian of such student who is aggrieved by a decision of the board of education may appeal such decision to the State Board of Education whose decision shall be binding when the school attended is outside the State of Nebraska."
The individual respondents qualify as such "parents" inasmuch as they live approximately 20 miles closer to Burke, South Dakota, than they do to the high school operated by the petitioner in Springview, Nebraska. Accordingly, application was made to the petitioner for such tuition benefits, but their application was denied. An appeal to the State Board of Education followed. Following that appeal, an order was entered finding that the individual respondents had children who qualified for public high school education; that the public school at Burke was at least 10 miles closer to their residence than the school at Springview; and that because of the climate, road conditions, bus service, and distance, it would be in the best interests of said children if they were permitted to attend the public high school in Burke. Accordingly, the petitioner was ordered to pay $1,968.40 for each of said children who attend the Burke high school during the 1980-81 school year. It is this order which the petitioner appealed to the District Court. Following that appeal, the District Court affirmed the order of the State Board of Education, and the Board of Education of Keya Paha County High School District perfected its appeal to this court.
Before addressing the issues raised by the petitioner in its assignments of error, it is necessary that we consider the matter of jurisdiction. The issue concerns the choice of forum made by the petitioner, in that it filed its appeal under the provisions of Neb. Rev. Stat. § 84-917 (Reissue 1981) in the District Court for Keya Paha County rather than in the District Court for Lancaster County. This issue was raised for the first time by the individual respondents in their brief in this court. However, the petitioner concedes in its reply brief that such delay in raising the question does not preclude our considering it at this time. It correctly cites Lane v. Burt County Rural Public Power Dist., 163 Neb. 1, 77 N.W.2d 773 (1956), which stands for the proposition that an appellate court cannot acquire jurisdiction of a cause if the court from which the appeal was taken had no jurisdiction of the subject matter. Nor can the parties confer subject matter jurisdiction on a judicial tribunal by either acquiescence or consent. Woodsmall v. Marijo, Inc., 206 Neb. 405, 293 N.W.2d 378 (1980).
Section 84-917 requires that "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken ...." The individual respondents argue that the "action taken" was the order of the State Board of Education requiring the petitioner to pay for the tuition expense of the various children, that the hearing was had before the State Board of Education in Lancaster County, and, therefore, the action was taken there. They cite The Flamingo, Inc. v. Nebraska Liquor Control Commission, 185 Neb. 22, 173 N.W.2d 369 (1969), in support of their position. That case involved the suspension of a liquor license as a result of a hearing held before the Nebraska Liquor Control Commission at its office in Lancaster County. The appellant licensee filed its appeal in the District Court for Dakota County, contending that Neb. Rev. Stat. § 53-1,116 (Reissue 1968), then in effect, provided that any decision of the commission revoking a license may be reversed by the District Court of the county in which the licensee resides. We disagreed, pointing *92 out that the words "suspension" and "revocation" are not synonymous, and since we were dealing with a suspension, § 53-1,-116 did not apply. We pointed out that the commission was an administrative agency and therefore was governed by the rules of administrative agencies. "Section 84-917, R.R.S. 1943, is controlling in this case. It provides: `... Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken * * *.' (Emphasis supplied.)... The `action (was) taken' in Lancaster County, and thus the petition should have been filed in the district court for Lancaster County. `The right to appeal is statutory and the requirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action.' " 185 Neb. at 24-25, 173 N.W.2d at 371-72.
The petitioner argues that the individual respondents have relied upon a misinterpretation of Flamingo in that there the proceedings originated with the Nebraska Liquor Control Commission in Lancaster County, whereas in this instance the "action on appeal is the denial of tuition payments for the children of the individual appellees, which it is undisputed was taken in Keya Paha County." It then goes on to cite Downer v. Ihms, 192 Neb. 594, 223 N.W.2d 148 (1974), for the proposition that Flamingo cannot be taken as holding that venue for review of all appeals under the Administrative Procedures Act must be in Lancaster County. That is a correct statement of what we said. However, Downer involved an appeal from an order of the director of the Department of Public Welfare upholding the action of the county board of public welfare which had rejected the applicant's claim for public assistance. We pointed out in the body of the opinion that pursuant to the mandate contained in Neb. Rev. Stat. § 68-1001.01 (Reissue 1976), now § 68-1001.01 (Reissue 1981), the Department of Public Welfare adopted certain regulations to implement the statutory right to a fair hearing and administrative appeal. Those regulations, we said, required that the department furnish appeal forms which may be filed with the county division of the applicant's residence and that the place of hearing before the director shall be in the county in which the applicant resides. In holding that the "action was taken" in the county of the applicant's residence, we said: "The administrative appeal from that action (review of the action of the county board) is then taken by filing notice either with the county board or with the director. The appeal hearing itself is held in the county of the plaintiff's residence.... The sole event that may occur in other than the county of the residence of the affected person is the consideration by the director of his decision. Even that is not mandated by statute for if the hearing is held before the director, as the statute authorizes, then presumably he might also make his decision in the county of the residence of the affected party." 192 Neb. at 600, 223 N.W.2d at 151. We are confronted with no similar statutory or regulatory requirements in this instance.
This court in Downer did not find it appropriate in ascertaining the "county where the action is taken" to conclude that the action taken was the denial of benefits which was accomplished initially by the county board located in the applicant's county of residence. Rather, our decision was based upon the action taken by the Department of Public Welfare as the first agency to make a decision in a disputed case, which action was required by regulations to be taken in the county of applicant's residence. In the present case, we are of the opinion that the "action" was "taken" in Lancaster County, the site of the first adjudicated hearing of a disputed claim, and petitioner's petition should have been filed in the District Court for that county. " `The right to appeal is statutory and the requirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action.' " The Flamingo, Inc. v. Nebraska Liquor Control Commission, 185 Neb. 22, 25, 173 N.W.2d 369, 371-72 (1969).
*93 Because the District Court for Keya Paha County acquired no jurisdiction of the subject matter of the action, this court also possesses no jurisdiction. Therefore, it is unnecessary for us to consider the petitioner's assignments of error, and the appeal is ordered dismissed.
APPEAL DISMISSED.