HARVEY RICHARD MCCORISON, APPELLANT, V. CITY OF LINCOLN,
NEBRASKA, APPELLEE.

359 N.W.2d 775

Filed December 21, 1984.   No. 84-156.

Harvey Richard McCorison, pro se.

Dana W. Roper, Assistant Lincoln City Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Harvey Richard McCorison, acting pro se, appeals from an order of dismissal entered by the district court for Lancaster County, Nebraska. For reasons set forth hereinafter we are compelled to affirm the order of the district court.

The case before the district court was an appeal by McCorison of an adverse decision entered by the personnel board for the city of Lincoln, Nebraska. The evidence establishes that on August 9, 1983, while McCorison was present, the personnel board for the city of Lincoln voted to uphold McCorison's termination of employment by the city. On September 13, 1983, more than 30 days from the date on which the personnel board voted to uphold his termination, McCorison filed a notice of appeal with the city clerk for the city of Lincoln.

The manner in which such appeals are to be taken is set out by statute. Neb. Rev. Stat. § 15-1201 (Reissue 1983) provides:

Any person or persons, jointly or severally aggrieved by any final administrative or judicial order or decision of the board of zoning appeals, the board of equalization, the city council, or any officer or department or board of a city of the primary class, shall, except as provided for claims in sections 15-840 to 15-842.01, appeal from such order or decision to the district court in the manner herein prescribed.

Neb. Rev. Stat. § 15-1202 (Reissue 1983) provides in part: "(1) The party appealing shall within thirty days from the *date of the order or decision* complained of: (a) File a notice of appeal with the city clerk specifying the parties taking the appeal and the order or decision appealed from . . . ." (Emphasis supplied.)

The district court may only acquire jurisdiction if an appeal is taken in the mode and manner and within the time provided by statute. See *Peck v. Dunlevey*, 184 Neb. 812, 172 N.W.2d 613 (1969). If the statutory requirements are not met, the district court acquires no jurisdiction and may not enter any order

other than an order of dismissal. See, *The Flamingo, Inc. v. Nebraska Liquor Control Commission*, 185 Neb. 22, 173 N.W.2d 369 (1969); *Radil v. State*, 182 Neb. 291, 154 N.W.2d 466 (1967); *Kracman v. Nebraska P.P. Dist.*, 197 Neb. 301, 248 N.W.2d 751 (1976). If, therefore, the time for taking an appeal began to run on August 9, 1983, then the evidence is without dispute that the appeal in the district court was filed more than 30 days from the date of the order or decision complained of. We believe that the authorities in this jurisdiction uniformly and consistently hold that the time for taking an appeal from a body such as the personnel board of the city of Lincoln began on August 9, 1983, and not any subsequent date. In the case of *Brown v. City of Omaha*, 179 Neb. 224, 137 N.W.2d 814 (1965), we held that the rendition of the judgment or final order takes place when the announcement of the decision is made.

We have held that a judgment is the final determination of the rights of the parties; that a judgment is "rendered" when the *decision is announced* upon the law and the facts; and further that the entry of a judgment upon the record is not an integral part of the judicial act of rendering judgment.

(Emphasis in original.) *Id.* at 226, 137 N.W.2d at 816.

And, recently, in the case of *In re Covault Freeholder Petition, ante* p. 763, 359 N.W.2d 349 (1984), we had occasion to examine a similar statute and again concluded that the time for taking an appeal started to run when the State Board of Education voted and not when it subsequently approved a formal order. See, also, *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976).

McCorison recognizes that he was undoubtedly out of time, but argues to the court that in the interest of fairness and justice the district court should have disregarded his failure to file his appeal within time and should have considered the matter on the merits. Unfortunately, however, a court which does not acquire jurisdiction may not exercise discretion. As we noted in *Brown, supra* at 226, 137 N.W.2d at 816:

We have no power to extend the period of review for 1 or 2 days any more than we could extend it 6 months, and it is fundamental that the right to review by error

proceedings or to appeal is statutory and the requirements of the statute must be met before the district court or this court acquires jurisdiction of the subject matter of the action.

In light of the record it is clear that the district court did not acquire jurisdiction and the district court was correct in entering its order of dismissal.

Furthermore, the district court having failed to acquire jurisdiction, this court also does not acquire jurisdiction. An appellate court cannot acquire jurisdiction of a cause if the court from which the appeal is taken had no jurisdiction of the subject matter. See *Bd. of Ed. of Keya Paha County v. State Board of Education*, 212 Neb. 448, 323 N.W.2d 89 (1982).

McCorison has every right to represent himself. By doing so, however, he must be bound by the same rules that bind all others, and the fact that he may not have as much knowledge about the mechanics of the law does not grant the courts the right to disregard them. This may be regrettable, but it is a choice which McCorison made himself. The decision of the district court is therefore affirmed.

AFFIRMED.

R.D.N., APPELLANT, V. T.N., APPELLANT.
359 N.W.2d 777

Filed December 21, 1984. No. 84-223.

