NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, APPELLANT, V. JOHN CARROLL, APPELLEE.

383 N.W.2d 740

Filed March 28, 1986.   No. 84-792.

Robert M. Spire, Attorney General, and Sharon M. Lindgren, for appellant.

Clyde A. Christian, for appellee.

KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and CAMP, D.J., and COLWELL, D.J., Retired.

CAMP, D.J.

The appellee, John Carroll, after being terminated from his employment with the Nebraska Department of Correctional Services, filed two claims for wrongful dismissal. The first claim was in the form of a grievance with the State Personnel Board, alleging that his discharge was wrongful because he was fired for a violation that other individuals similarly situated also committed without being punished. The personnel board ruled in favor of Carroll and ordered his reinstatement without awarding backpay. No appeal was taken from this ruling.

A hearing was subsequently held before the Nebraska Equal Opportunity Commission on the ground that his discharge was racially motivated. The parties stipulated that the record and findings from the personnel board hearing would be introduced into evidence for the purpose of the hearing before the Equal Opportunity Commission. The commission ordered that Carroll be reinstated and awarded backpay.

The appellant, Department of Correctional Services, filed an untimely appeal to the Douglas County District Court, which appeal was dismissed as being out of time.

Following the dismissal of the appeal, the attorney for Carroll filed an application with the district court for attorney fees for services rendered before the personnel board and before the commission. Following a hearing at which the Department of Correctional Services objected to the award of the portion of the attorney fees attributable to the personnel board action, the district court awarded $6,656.25 in attorney fees for services rendered before both the personnel board and the commission. From that order the department now appeals to this court.

The issue presented to this court by the briefs and arguments of the parties is whether the district court erred in awarding an attorney fee that included hours of representation before the State Personnel Board. We do not reach that matter, as we find that the issue of awarding an attorney fee was not before the

district court.

Neb. Rev. Stat. § 48-1120(6) (Reissue 1984) provides: "In any action or proceeding under sections 48-1101 to 48-1125, wherein an appeal is lodged in the district court, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." To acquire jurisdiction over the subject matter of the action, the requirements of the statute granting right of appeal are mandatory and must be fully complied with in order for the district court to have jurisdiction, and the district court may not enter any order other than an order of dismissal. *McCorison v. City of Lincoln*, 218 Neb. 827, 359 N.W.2d 775 (1984); *Bd. of Ed. of Keya Paha County v. State Board of Education*, 212 Neb. 448, 323 N.W.2d 89 (1982).

In *Airport Inn v. Nebraska Equal Opp. Comm.*, 217 Neb. 852, 353 N.W.2d 727 (1984), this court awarded attorney fees pursuant to § 48-1120(6) where the employee was awarded backpay after proving he had been the victim of gender-based discrimination. The fees awarded included those incurred at all stages of the proceedings, including those undertaken in the commission. That case is distinguishable from the present case in that the district court in *Airport Inn, supra*, had jurisdiction to modify the commission's award of backpay, and actually did so, whereas in this case the district court lacked jurisdiction over the subject matter and was powerless to modify or reverse the commission's action.

The plain meaning of § 48-1120(6) is to permit an award of attorney fees only where they were necessarily incurred in determining an issue over which the district court had jurisdiction. Since the district court was unable to reach the substantive issues raised before the personnel board and the commission, it had no authority to grant attorney fees for expenses incurred at those proceedings.

As there was an appearance by appellee's attorney in the district court as the result of appellant's processing the appeal, an award of attorney fees would be proper under § 48-1120(6) for securing the dismissal of the appeal. We determine that an award of $1,500 for services in the district court is reasonable and proper.

The decision of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.