FRANCES LANC, APPELLANT, v. DOUGLAS COUNTY WELFARE ADMINISTRATION ET AL., APPELLEES.

204 N. W. 2d 387

Filed February 16, 1973. No. 38522.

Wilbur C. Smith and Jack L. Spence, for appellant.

Clarence A. H. Meyer, Attorney General, and E. D. Warnsholz, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The plaintiff, a former employee of the Department of Welfare of Douglas County, Nebraska, by petition in error under the provisions of sections 25-1901, et seq., R. R. S. 1943, sought review by the district court for Douglas County, Nebraska, of an order of the Joint Merit System Council confirming her discharge by the Department of Welfare. The district court affirmed the order on the merits.

No bill of exceptions has been preserved in this case. All the errors assigned in the petition would require a review of the evidence. Attached to the petition in error are unauthenticated copies of numerous documents and an unauthenticated copy of the order of the Joint Merit System Council. The council is apparently an agency-created board pursuant to the provisions of Laws 1951, c. 311, § 10, p. 1070, and its functions are apparently ultimately to be transferred to the State Personnel Board. See § 81-8,106, R. R. S. 1943. See, also, §§ 81-1308, 81-1318, R. R. S. 1943.

In her brief the plaintiff argues her case on the merits. The Joint Merit System Council urges affirmance because of the absence of a bill of exceptions. The plaintiff urges that this court review on the basis of the unauthenticated transcript. The council also urges the plaintiff's remedy was not by petition in error, but by

appeal under the State Administrative Procedures Act, section 84-917, R. R. S. 1943, and that the venue lay in the district court for Lancaster County where the council acted and rendered its decision. It cites and relies on The Flamingo, Inc. v. Nebraska Liquor Control Commission, 185 Neb. 22, 173 N. W. 2d 369; and section 81-1319, R. R. S. 1943.

Section 84-917, R. R. S. 1943, by its express terms, does not limit the right of review to the appeal procedure authorized by subsection (2) of that section. Subsection (1) provides in part: "Nothing in this section shall be deemed to prevent resort to other means of review . . . ."

Whether the proceedings are in error or by appeal, since the errors we are asked to review require a consideration of the evidence, we cannot give them consideration in the absence of a bill of exceptions. Everts v. School Dist. No. 16, 175 Neb. 310, 121 N. W. 2d 487; Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N. W. 2d 58; State ex rel. Hartman v. Weiss, 181 Neb. 685, 150 N. W. 2d 264; Leech v. Philpott, 12 Neb. 577, 12 N. W. 116.

Both the unauthenticated "transcript" attached to the plaintiff's petition in error and the authenticated transcript of the proceedings in the district court disclose that the order of the Joint Merit System Council from which appeal was taken and the transcript of the proceedings before the council were completely unauthenticated. Therefore neither the district court nor this court obtained jurisdiction. The filing by the plaintiff in error of an authenticated copy of the order or judgment appealed from is jurisdictional and mandatory. Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49; New Home Sewing Machine Co. v. Thornburg, 56 Neb. 636, 77 N. W. 86; § 25-1906, R. R. S. 1943.

It is unnecessary for us to decide whether venue in error proceedings is governed by section 84-917, R. R. S. 1943, and whether our holding in The Flamingo, Inc.

v. Nebraska Liquor Control Commission, *supra,* applies here. Since neither the district court nor this court acquired jurisdiction in the matter of the order of the Joint Merit System Council, the appeal must be dismissed.

APPEAL DISMISSED.