ROBERT MAURER, APPELLANT, V. WALTER D. WEAVER, DIRECTOR OF INSURANCE, STATE OF NEBRASKA, APPELLEE.

328 N.W.2d 747

Filed December 23, 1982. No. 81-624.

Craig F. Swoboda and George O. Rebensdorf of Swoboda & Katz, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

This appeal presents to the court what appears to be two questions of first impression concerning appeals from an administrative agency to the District Court, pursuant to the provisions of the Nebraska Administrative Procedures Act, Neb. Rev. Stat. §§ 84-901 to 84-916 (Reissue 1981). The first question requires us to determine the effect of the failure of the agency from which the decision is being appealed to file in the District Court a full certified transcript of the proceedings before the agency as required by Neb. Rev. Stat. § 84-917(4) (Reissue 1981). The second question requires us to determine whether either party to the appeal is required at the trial before the District Court to mark and offer in evidence the certified transcript prepared by the agency and filed in the District Court.

On August 27, 1979, the Department of Insurance of the State of Nebraska (Department) conducted a hearing on a complaint filed by the Department against the appellant, Robert Maurer. During the course of the hearing, testimony of witnesses was presented, evidence was adduced, and exhibits were

introduced, all apparently pursuant to the provisions of § 84-914. As a result of the hearing, the Department, on September 19, 1979, issued an order suspending Maurer's resident insurance agent's license for 1 year. Pursuant to the provisions of § 84-917 Maurer appealed the Department's order to the District Court for Lancaster County, Nebraska. Within 30 days after the service of the final decision by the Department, Maurer filed a petition for review in the District Court pursuant to the provisions of § 84-917(2). At the same time he also filed a praecipe requesting that a summons be served upon the Director of Insurance as required by § 84-917(2). On November 2, 1979, the Department filed with the clerk of the District Court a certified transcript purporting to be a full and correct copy of the hearing held before the Department on August 27, 1979. The transcript appears to be the verbatim testimony given by the parties at the hearing before the Department.

On March 16, 1980, Maurer filed a document entitled "Motion to Strike" in the District Court. The purpose of the motion was to strike the transcript previously filed by the Department with the clerk of the District Court, for the reason, among other matters, that the transcript, as filed, was not in fact a complete and full transcript and, in particular, did not include the final decision sought to be vacated by the appellant. Following a hearing on the motion the trial court overruled the motion but directed the Department to file a supplemental transcript containing the findings of fact and conclusions of law prepared by the Department and filed in the case. The supplemental transcript was filed with the clerk of the District Court on May 13, 1981. In addition to the findings of fact and order, the supplemental transcript contained all the verbatim testimony as well as all the exhibits.

On June 10, 1981, a further hearing was held before the District Court. At that time Maurer offered into

evidence a certified copy of the Department's rule 26. Neither party offered in evidence the supplemental transcript.

Following the hearing the trial court found that because neither party had marked and offered in evidence the supplemental transcript, the court did not have before it a transcript and bill of exceptions and therefore had nothing to rule upon. The trial court therefore ordered that Maurer's petition on appeal be dismissed and that his license be suspended for a period of 1 year, as earlier ordered by the Department. It is from that order which Maurer has now appealed to this court. We believe, for reasons more particularly set out in this opinion, that the order of the District Court dismissing the appeal must be reversed and the case remanded to the District Court for further proceedings.

In reaching our conclusion we turn first to the question concerning the Department's failure to file a full and complete transcript within the time prescribed by law. Maurer argues that there is an absolute obligation imposed upon the Department to file a complete certified transcript within 15 days after service of the petition by the appellant and that, if the Department fails to do so, the party appealing must prevail. Maurer cites us, however, to no case directly on point previously decided by this court. In essence, Maurer seems to be arguing that if the Department fails to file the transcript within the prescribed time, the District Court has no alternative but to find for the appellant. We are unable to accept that argument. We believe that a more reasonable reading of the statutory provisions governing appeals from administrative agencies would be to the contrary.

Section 84-917 sets out what must be done in order to perfect an appeal to the District Court from an order entered by an agency. Section 84-917(2) specifically provides: "Proceedings for review *shall be instituted* by filing a petition in the district court

of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. Summons shall be served as in other actions . . . ." (Emphasis supplied.) Section 84-917(4) then provides: "Within fifteen days after service of the petition *or within such further time as the court for good cause shown may allow*, the agency shall prepare and transmit to the court a certified transcript of the proceedings had before it . . . ." (Emphasis supplied). It appears to us that a simple reading of the statute clearly provides that in order for the District Court to acquire jurisdiction under the Administrative Procedures Act two steps must be taken. The first step is the filing of the petition within 30 days, and the second step is causing a summons to be issued and served within 6 months. See *Leach v. Dept. of Motor Vehicles, ante* p. 103, 327 N.W.2d 615 (1982), The preparation and filing of the transcript under the Administrative Procedures Act, as opposed to error proceedings, while critical to the ultimate disposition of the case, is not jurisdictional. See, Neb. Rev. Stat. §§ 25-1903, 25-1905 (Reissue 1979); *Lanc v. Douglas County Welfare Administration*, 189 Neb. 651, 204 N.W.2d 387 (1973); *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976). The Department urges us to sustain the action of the trial court on the basis of our earlier decision in *Lanc v. Douglas County Welfare Administration, supra. Lanc* has no application in the instant case. *Lanc* involved an error proceeding brought pursuant to Neb. Rev. Stat. §§ 25-1901 to 25-1908 (Reissue 1979). That proceeding requires the filing of the transcript with the petition and imposes the burden upon the plaintiff in error. In *Lanc* a certified transcript was not filed at all with the District Court, and therefore the District Court did not acquire jurisdiction. Once Maurer filed his petition and his praecipe for summons, the District Court, in the instant case, ac-

quired jurisdiction. Any further action by the agency which was in any manner defective is not sufficient to entitle the appellant to obtain summary relief. The interest of justice could not possibly be served if we were to hold that the failure of the agency to file the transcript within 15 days entitles the appellant to prevail, any more than it would be appropriate to say that the agency's failure to file the transcript within the 15-day period entitles the agency to prevail, as was permitted in this case. Section 84-917(4) contemplates that additional time may be ordered by the court and that failure of the agency to seek that order within the 15-day period does not preclude the court for good cause shown to allow additional time. We believe that the agency's failure to file a complete transcript in the first instance, while certainly not commendable, was not so defective as to preclude the trial court from ordering a supplemental transcript and, upon receiving the supplemental transcript, considering the entire record. We therefore hold that the failure of an administrative agency to prepare and transmit to the court a certified transcript of the proceedings had before it within 15 days after service of the petition, pursuant to § 84-917(4), does not, in and of itself, entitle the party seeking review to have the agency's order set aside. The trial court was correct in ordering a supplemental transcript.

We then turn to the question of who, if anyone, must mark and offer the certified transcript of the proceedings into evidence before the District Court in order for the District Court to review the proceedings. As we have indicated, the trial court held that such a requirement did exist and the failure of one of the parties to take such action precluded the trial court from having before it the certified transcript for review. We believe, however, that neither the provisions of the statute nor sound logic requires such a rule. Section 84-917(5) specifically provides: "The review shall be conducted by the court

without a jury on the record of the agency." No one argues that the record in this case was not ultimately prepared and before the District Court. The argument is that no one performed the magical rite of marking the transcript and reciting the magic words over the paper, to wit, "I offer in evidence exhibit 1." It is clear that, in a trial, evidence must be marked and offered so that both the trial court, in the first instance, and the appellate court, on review, can determine what is the record. But where the record is prescribed by law and both parties, absent objection, agree that the record is lying on the table in front of the court, we cannot believe that if either party refuses to present the record to the court, the record is thereby eliminated and the court's obligation to review the record is waived. Section 84-917(5) does not provide that the review shall be conducted by the court on the record of the agency offered to the court but, rather, "on the record of the agency." It is the record of the agency which § 84-917(4) requires the agency to prepare, certify, and transmit to the court. In effect, the agency, in preparing the certified record and "transmitting it to the court," offers the record in evidence. This apparently was the rationale behind the Legislature's specifically amending the statutes with regard to appeals from county and municipal courts to District Courts and providing that, in such cases, filing the bill of exceptions with the clerk at or before the hearing shall constitute the equivalent of offering the record in evidence unless the court, on objection by a party, excludes all or a part of it. Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1982). That, undoubtedly, must be the reason why the Legislature provided that the agency was required to prepare "an official record, which shall include testimony and exhibits, in each contested case . . . ." See § 84-913. We therefore hold that where appeals are taken from an administrative agency to the District Court, pursuant to the provisions of § 84-917, the

certified transcript as prepared by the agency and transmitted to the court shall be considered to be before the court and shall, unless objected to by one of the parties, be considered without the need of either party formally offering the record into evidence. Having so concluded, we must therefore remand this case back to the District Court with directions that it now review the supplemental record as filed with the court and determine whether the decision of the Department of Insurance should be affirmed, modified, or reversed.

REVERSED AND REMANDED WITH DIRECTIONS.