WILLIAM R. ERNEST, APPELLANT, V. HOLLY JENSEN, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, ET AL., APPELLEES.

415 N.W.2d 121

Filed November 6, 1987.   No. 86-058.

Robert B. Creager of Berry, Anderson, Creager & Wittstruck, for appellant.

Robert M. Spire, Attorney General, and Jill Gradwohl, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

On June 7, 1985, plaintiff-appellant, William R. Ernest, filed a petition in the district court for Lancaster County, seeking the vacating of an order of the director of the Department of Motor Vehicles, rendered on May 23, 1985, suspending plaintiff's driver's license for 1 year. The director's order was based on plaintiff's failure to comply with the provisions of the "Nebraska Implied Consent Law," referred to by the director as "LB 1095, passed by the 82nd Session of the Nebraska Legislature," and codified in Neb. Rev. Stat. §§ 39-669.08, 39-669.09, and 39-669.14 to 39-669.18 (Reissue 1984) as of the date of this incident. Plaintiff's petition alleges that he appealed from the director's order "under the provisions of §60-420 and §84-917(2) R.R.S. (1943)." On the same day a $200 certified check was filed with the department "to be applied as costs for the appeal . . . pursuant to the provisions of R.R.S. §60-420." Service of summons on the petition was made on June 11, 1985.

On June 10, 1985, a document entitled "Demand for Production" was filed by plaintiff in the case. This filing set out: "Plaintiff hereby demands production of all depositions or exhibits introduced in the Agency Hearing on April 11, 1985."

The record next shows that on September 3, defendants filed a demurrer to plaintiff's petition, alleging that the district court lacked jurisdiction of the appeal because "no transcript of the proceedings before the Director of the Department of Motor Vehicles has been filed by the plaintiff as is required by Neb. Rev. Stat. §60-420 (Reissue 1984)."

On September 30, 1985, plaintiff filed in the case "a copy of the transcript of proceedings before the Director of the Department of Motor Vehicles as required by Neb. Rev. Stat. §60-420 (Reissue 1984)."

A hearing was held on defendants' demurrer on October 11, and on November 8, 1985, the demurrer was sustained. Plaintiff then retained present counsel, who filed a motion for new trial on November 18, 1985. This motion for new trial was overruled, and plaintiff timely appealed to this court.

Plaintiff alleges and argues that the district court erred (1) in holding that "the failure to file the transcript prior to answer day was jurisdictional" and (2) in "failing to find that the appellant was entitled to effective assistance of counsel, and due process of law as guaranteed by the United States Constitution and the Constitution of the State of Nebraska in his appeal from the order revoking his driving privileges."

With regard to the second assignment, we have held that an individual has no constitutional right to effective assistance of counsel in a civil proceeding. *State v. Shaw*, 202 Neb. 766, 277 N.W.2d 106 (1979). Proceedings under the implied consent laws are civil in nature. The second assignment of error is without merit.

With regard to the first assignment, plaintiff alleged in his petition that he appealed from the director's order of suspension "under the provisions of §60-420 and §84-917(2) R.R.S. 1943." Section 39-669.18 provides that in appeals from the director's order of revocation, the person "who feels himself aggrieved because of such revocation may appeal therefrom . . . in the manner prescribed in section 60-420." Neb. Rev. Stat.

§ 84-917(7) (Cum. Supp. 1984) provides: "The review provided by this section shall not be available in any case where other provisions of law prescribe the method of appeal." Section 39-669.18 prescribes Neb. Rev. Stat. § 60-420 (Reissue 1984) as the method of appeal in this case. Our consideration is therefore limited to § 60-420.

Section 60-420 provides in part, in setting out the appeal procedure, as follows:

> The applicant, licensee, or appellant shall, within twenty days from the date of the final order complained of, execute a bond for costs to the State of Nebraska in the sum of two hundred dollars with sufficient surety to be approved by the Auditor of Public Accounts. The bond shall be filed in the office of the director. In lieu of the bond, the sum of two hundred dollars in cash, certified check, or money order may be deposited at the office of the director. It shall be the duty of the director, on payment or tender of the cost of preparing the transcript at the rate of ten cents per hundred words, to prepare a complete transcript of the proceedings relating to the refusal to issue or to reinstate any license or relating to the proceedings concerning the suspension, cancellation, or revocation of the license complained of. The applicant or licensee shall file a petition in such district court within thirty days from the date of filing of the director's final order in the matter and shall file the transcript before answer day which shall be the same as provided under the code of civil procedure in section 25-821.

Neb. Rev. Stat. § 25-821 (Reissue 1985) provides: "The answer . . . of the defendant shall be filed within thirty days after service of the summons . . . ."

The appeal procedure set out in § 60-420, in summary, provides: (1) a bond for costs must be filed in the office of the director within 20 days of the director's order; (2) a petition must be filed in the district court within 30 days of the director's order; and (3) the transcript of "the proceedings relating to the . . . revocation of the license" shall be filed before answer day, which is 30 days after the service of summons.

In *Black v. State*, 218 Neb. 572, 358 N.W.2d 181 (1984), and

*Bammer v. Jensen*, 222 Neb. 400, 384 N.W.2d 263 (1986), we held the filing of a bond in the form and manner set out in § 60-420 was necessary to give the district court, and this court, subject matter jurisdiction over such an appeal. Similarly, in *Miller v. Sullivan*, 194 Neb. 127, 230 N.W.2d 226 (1975), we held that the filing of a petition in the district court within 30 days of the director's order is jurisdictional.

We have not, however, previously addressed the effect of the requirement of § 60-420 that the transcript shall be filed within 30 days after the service of summons on the petition on appeal.

Appellant compares the procedure as to appeals set out in § 84-917 with the procedures in § 60-420. Section 84-917(4) provides: "Within fifteen days after service of the petition or within such further time as the court for good cause shown may allow, the agency shall prepare and transmit to the court a certified transcript of the proceedings had before it . . . ." Based on comparing the two statutes, appellant contends it is unfair to consider the requirements of the filing of the transcript under § 60-420 jurisdictional, when we held in *Maurer v. Weaver*, 213 Neb. 157, 328 N.W.2d 747 (1982), that the filing of the transcript in appeals under § 84-917 was not jurisdictional. In *Maurer, supra* at 161, 328 N.W.2d at 749, we held, "The preparation and filing of the transcript under the Administrative Procedures Act, as opposed to error proceedings, while critical to the ultimate disposition of the case, is not jurisdictional." That holding was specifically limited to appeals under the Administrative Procedures Act and the court specifically noted that under § 84-917(4) the 15-day period of time could be extended by the court "for good cause shown." *Maurer, supra* at 162, 328 N.W.2d at 749. The idea of a possible extension of a filing time militates against such a time's being jurisdictional. No such possible extension of the filing time is contained within § 60-420.

In *Maurer*, we noted that in error proceedings under Neb. Rev. Stat. § 25-1905 (Reissue 1985), the filing of the transcript by the plaintiff was required and jurisdictional as determined in *Lanc v. Douglas County Welfare Administration*, 189 Neb. 651, 204 N.W.2d 387 (1973). In *School Dist. No. 39 v. Farber*, 215 Neb. 791, 793, 341 N.W.2d 320, 322 (1983), we said that in a

proceeding under § 25-1905, "The requirement that a transcript of the proceedings in the lower tribunal be filed with the petition is mandatory and jurisdictional."

Appellant states: "For reasons which are not clear, the Nebraska Legislature has created varied and numerous procedures for seeking judicial review of essentially non-judicial tribunals." Brief for Appellant at 4. While that may be so, the fact remains that § 60-420 provides clearly that a person who wishes to appeal an order of the Director of Motor Vehicles "shall [among other things] file the transcript before answer day which shall be the same as provided . . . in section 25-821." That answer day in this case was July 11, 1985—30 days after service of summons. The transcript was filed on September 30, 1985.

As set out above, this court has held that in an appeal pursuant to § 60-420 the requirements of the statute that an appellant *shall* file a bond for costs in the office of the director and *shall* file a petition within 30 days of the order are mandatory and jurisdictional. We can see no difference in holding that the statute's requirement that the appellant *shall* file the transcript before answer day is also jurisdictional. The requirements as to the times of filing the petition and the transcript are in the same sentence. The language is clear and unambiguous, and we see no reason to depart from our previous holdings that "shall" means that a mandatory action must be accomplished. *Moyer v. Douglas & Lomason Co.*, 212 Neb. 680, 325 N.W.2d 648 (1982). We hold that the filing of the transcript of the proceeding relating to the revocation of a driver's license by the director of the Department of Motor Vehicles, within the time set out in § 60-420, is a necessary step to the acquisition of subject matter jurisdiction of an implied consent proceeding by the district court and this court.

We note there is no question in this case of any failure on the part of the Department of Motor Vehicles to prepare the transcript. Section 60-420 provides: "It shall be the duty of the director, on payment or tender of the cost of preparing the transcript . . . to prepare a complete transcript . . . ." The record in this case does not show any payment or tender of costs.

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., dissents.