John Joseph **HARTVIGSEN,** Appellee,

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION,** Appellant.

No. 87–420.

Supreme Court of Iowa.

July 20, 1988.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., Ames, for appellant.

Dennis D. Jasper, Bettendorf, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and ANDREASEN, JJ.

LARSON, Justice.

John Joseph Hartvigsen was arrested on three separate occasions in 1985 for driving while intoxicated in violation of Iowa Code section 321.281 (1985). Each time he refused a chemical test, and his license was revoked by three separate orders of the Iowa Department of Transportation (DOT). *See* Iowa Code § 321B.13 ("implied consent" statute). The revocations were upheld by the agency review procedure, and Hartvigsen petitioned for judicial review under Iowa Code section 17A.19.

The DOT failed to provide a transcript of the agency proceedings in two of the three cases within the thirty days provided by Iowa Code section 17A.19(6). As a sanction, the district court ordered that a "default" be entered against the DOT and that Hartvigsen's license revocations be rescinded. On appeal, the court of appeals affirmed. On the DOT's application for further review, we vacate the court of appeals decision and reverse the judgment of the district court.

The judicial review petitions were numbered 72301, 72302, and 72303. Each of the petitions asserted that Hartvigsen had not actually refused the chemical tests, but he was medically unable to perform them because of emphysema.

Under section 17A.19(6), the DOT had thirty days from the filing of the petitions to furnish transcripts. It furnished a transcript in case number 72302, but it did not furnish a transcript in the other two cases until sometime after Hartvigsen moved to dismiss.

The DOT contends that its failure to file the transcripts was the result of a clerical error, a mistaken belief that the three cases had been consolidated as number 72302. In any event, it filed the missing transcripts soon after it learned of the problem. The DOT claims that Hartvigsen was not prejudiced by the failure to file the transcripts and that the order of default by the court amounted to an unwarranted windfall to Hartvigsen at the expense of endangering the motoring public.

Iowa Code section 17A.19 sets out the requirements for judicial review of administrative agency action. Section 17A.19(2) provides that judicial review proceedings are

instituted by filing a petition .... Within ten days after the filing of a petition for

judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. Section 17A.19(6) then provides:

Within thirty days after filing of the petition, or within further time allowed by the court, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of any contested case which may be the subject of the petition.... The court may require or permit subsequent corrections or additions to the record.

■ Iowa Rules of Civil Procedure 230–36 provide for defaults in civil cases, and rule 331 provides that the general rules of civil procedure are applicable to proceedings for judicial review, "[e]xcept to the extent they are inconsistent with any provision of the Iowa Administrative Procedures Act, Iowa Code chapter 17A ...." The issue here is whether a default against the agency is inconsistent with the administrative procedures act. We conclude that it is.

Iowa Code section 17A.19(8) provides this with respect to judicial review of agency action:

8. The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal and including declaratory relief, *if substantial rights of the petitioner have been prejudiced* because the agency action is:

*a.* In violation of constitutional or statutory provisions;

*b.* In excess of the statutory authority of the agency;

*c.* In violation of an agency rule;

*d.* Made upon unlawful procedure;

*e.* Affected by other·error of law;

*f.* In a contested case, unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole; or

*g.* Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

(Emphasis added.)

*Black v. University of Iowa*, 362 N.W.2d 459, 462 (Iowa 1985), held that "only those types of relief ... which chapter 17A specifically prescribes" are available on judicial review; and Iowa Code section 17A.19(8) requires that a petitioner be prejudiced in order to get a reversal or modification of agency action. The DOT attacks the court's default order here on both grounds: (1) the default amounted to a reversal of agency action on grounds not specified in our administrative procedure act, Iowa Code § 17A.19(8); and (2) even if the court had authority to do so, it abused its discretion here. We address only the first ground, because it is dispositive of the appeal.

Hartvigsen relies on *Kohorst v. Iowa State Commerce Comm'n*, 348 N.W.2d 619, 622–23 (Iowa 1984), in which we held that dismissal of a petition for judicial review, on the ground the petitioner failed to respond to a motion for more specific statement, was a matter of district court discretion. In *Kohorst*, however, the general question of whether defaults are available as sanctions in judicial review proceedings was not presented to the court.

There are no Iowa cases directly on point. In a Nebraska case, however, a similar issue was raised. The court said, as to the agency's failure to transmit the record of the agency proceedings in the time required by statute that:

Once Maurer filed his petition and his praecipe for summons, the District Court, in the instant case, acquired jurisdiction. Any further action by the agency which was in any manner defective is not sufficient to entitle the appellant to obtain summary relief. The interest of justice could not possibly be served if we were to hold that the failure of the agency to file the transcript within 15 days

entitles the appellant to prevail, any more than it would be appropriate to say that the agency's failure to file the transcript within the 15-day period entitles the agency to prevail, as was permitted in this case.... [F]ailure of an administrative agency to prepare and transmit to the court a certified transcript of the proceedings had before it within 15 days after service of the petition, pursuant to [Nebraska Code] § 84–917(4), does not, in and of itself, entitle the party seeking review to have the agency's order set aside.

*Maurer v. Weaver*, 213 Neb. 157, 161–62, 328 N.W.2d 747, 749–50 (1982).

In an analogous case, we held that a default against the state was not a proper sanction for the state's failure to respond to a petition for postconviction relief within the thirty days provided by Iowa Code section 663A.6. We said:

At the outset Furgison clearly relies on [the default provisions of] Iowa Rule of Civil Procedure 230 .... But a reading of Code ch. 663A in its entirety, reveals no provision is thereby specifically or inferentially made for default in event the State should fail to respond within 30 days. Thus, statutory provision is significantly lacking for entry of default or judgment thereon in postconviction review proceedings.

....

In the same vein it is self-evident a default could in no event breathe life into an otherwise meritless application.

Consequently, default procedures are inconsistent with and would serve no useful purpose in our postconviction review process.

*Furgison v. State*, 217 N.W.2d 613, 618 (Iowa 1974).

Judicial review of administrative action by the district court is appellate in nature. *Kohorst*, 348 N.W.2d at 621; *Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 165 (Iowa 1982); *Iowa Pub. Serv. Co. v. Iowa State Commerce Comm'n*, 263 N.W.2d 766, 768 (Iowa 1978). Analogizing to our own rules of appellate procedure, we note that there is no provision for summary reversal as a sanction for an appellee's failure to abide by the rules. Iowa Rule of Appellate Procedure 13(f) merely provides that, if an appellee fails to file a brief in a time provided, he may be denied oral argument.

█ We believe that a rescission of the agency's order is ordinarily not an authorized sanction for violating the transcript filing requirements of section 17A.19(6). This does not mean, however, that a district court is without means of enforcing rules of procedure in judicial review cases. Iowa Code section 17A.19(5), for example, provides that the court may stay the agency order until a final ruling on the petition. In this case, a stay could have been ordered pending final disposition of the judicial review proceedings. For so long as the DOT failed to furnish the transcript, it would be prevented from revoking Hartvigsen's license. If the delay were so long that his case was prejudiced, a stronger remedy might be appropriate. That is not the case here.

We vacate the court of appeals decision and reverse the judgment of the district court, remanding for further judicial review proceedings in cases number 72301 and 72303.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; AND CASE REMANDED.