QUINN ARMSTRONG, APPELLANT, V. MARGARET HIGGINS,
DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, STATE OF
NEBRASKA, APPELLEE.

491 N.W.2d 331

Filed November 6, 1992.   No. S-89-1257.

David E. Veath for appellant.

Robert M. Spire, Attorney General, and Paul N. Potadle, and, on brief, David Edward Cygan for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

The only issue in this appeal is whether the district court for Sheridan County correctly held that it lacked jurisdiction to review the revocation of Quinn Armstrong's driver's license by the defendant, Margaret Higgins, director of the Department of Motor Vehicles of the State of Nebraska. We reverse the district court's order of dismissal and remand the cause with directions.

Following a May 3, 1989, hearing, the director entered a written order on June 1, finding (1) that Armstrong was arrested on December 18, 1988, by a Gordon, Nebraska, police officer for operating a motor vehicle while under the influence of intoxicating liquor; (2) that prior to Armstrong's arrest, the arresting officer had reasonable grounds to believe that Armstrong was operating a motor vehicle upon a public highway in this state while under the influence of intoxicating liquor; (3) that Armstrong was informed of Nebraska's implied consent law, Neb. Rev. Stat. § 39-669.08 (Reissue 1988); and (4) that when requested to submit to a chemical test of blood, breath, or urine, Armstrong unreasonably refused to submit to a test.

Section 39-669.08, commonly known as the implied consent

law, provides that any individual who operates or has physical control over a motor vehicle upon a public highway in Nebraska is deemed to have consented to a chemical test of his or her blood, urine, or breath for the purpose of determining alcoholic content of that blood, urine, or breath. This statute authorizes any law enforcement officer to request such a test in various situations if the officer has reasonable grounds to believe an individual has been operating a motor vehicle upon a public highway while under the influence of alcoholic liquor. At all times relevant herein, refusal to submit to such a test subjected a motor vehicle operator to administrative revocation of his or her driver's license, as provided in Neb. Rev. Stat. §§ 39-669.07 to 39-669.09 and 39-669.14 to 39-669.17 (Reissue 1988) and Neb. Rev. Stat. § 39-669.18 (Reissue 1984).

In her June 1 order, Higgins, pursuant to § 39-669.16, revoked Armstrong's motor vehicle operator's license for 1 year.

On June 20, 1989, pursuant to Neb. Rev. Stat. § 60-420 (*Reissue 1984*), Armstrong filed a petition in the district court for Sheridan County, appealing the revocation of his driver's license by Higgins. Higgins filed an answer on July 24, 1989, although service of summons had not yet been made upon her.

On August 8, the district court, on its own motion, issued an order for Armstrong to show cause why his appeal should not be dismissed for lack of jurisdiction because answer day had passed and no transcript had been filed. Lack of subject matter jurisdiction may be raised sua sponte by a court if necessary. See *Plock v. Crossroads Joint Venture*, 239 Neb. 211, 475 N.W.2d 105 (1991).

On August 21, Armstrong responded by filing a showing of cause and a transcript of the administrative proceedings. He admitted that a praecipe for service upon the defendant had not been filed to commence the running of the answer date time. See Neb. Rev. Stat. § 25-821 (Reissue 1989). Armstrong pointed out that copies of pleadings were sent to the defendant and that the defendant had answered the petition on appeal.

On August 23, the district court found that Armstrong had failed to show cause why his appeal should not be dismissed for lack of jurisdiction. The court found that it had no jurisdiction

to hear Armstrong's appeal and dismissed it. The jurisdictional defect the court relied upon was not set forth in its order of dismissal.

On August 29, Armstrong filed a motion asking the district court to modify its dismissal order or to grant a new trial. A hearing on Armstrong's motion was held on September 12. On September 13, a copy of Armstrong's petition on appeal and a summons were served upon the defendant. On September 19, the district court overruled Armstrong's motion to modify the court's order or to grant him a new trial. Armstrong correctly argues that the provisions of the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (*Reissue 1987*), did not apply to appeals of driver's license revocations until July 1, 1989, the effective date of an amendment to § 60-420. The amendment made the Administrative Procedure Act expressly applicable.

Armstrong contends that his appeal should be governed by the rules of civil procedure, that (1) Neb. Rev. Stat. § 25-217 (Reissue 1989) only requires that he serve a summons upon the defendant within 6 months after the filing of his appeal petition, and (2) under § 60-420 (Reissue 1984) and § 25-821, he was only required to file the transcript of the proceedings within 30 days after service of summons upon the defendant.

Higgins contends that the Administrative Procedure Act as it existed at all relevant times herein is applicable to Armstrong's appeal. She argues that under § 84-917(2) (*Reissue 1987*), Armstrong had only 30 days to serve the defendant following the filing of his appeal petition. She claims that the district court was without jurisdiction both because Armstrong had failed to timely serve a summons upon the director and because Armstrong's transcript was not timely filed.

Armstrong appealed his driver's license revocation under the implied consent law pursuant to § 39-669.18 (*Reissue 1984*), the statute in effect at the time of the appeal. That statute provided in part that "[a]ny person who feels himself aggrieved because of such revocation may appeal . . . in the manner prescribed in section 60-420."

Higgins mistakenly relies upon *Leach v. Dept. of Motor Vehicles*, 213 Neb. 103, 327 N.W.2d 615 (1982), as authority that § 60-420 must be read in conjunction with § 84-917(2) to

determine the proper procedure for perfecting an appeal in Armstrong's case. *Leach* was decided under § 84-917 (*Reissue 1981*), which was amended in 1983 and 1987. As § 84-917(7) (Reissue 1987) existed at all relevant times herein, it provided: "The review provided by this section *shall not be available* in any case where other provisions of law prescribe the method of appeal." (Emphasis supplied.) Because of this amendment, § 60-420 provided the exclusive method of appeal in Armstrong's case, and our review is controlled by that section. See *Ernest v. Jensen,* 226 Neb. 759, 415 N.W.2d 121 (1987).

As relevant to Armstrong's appeal, § 60-420 required that (1) a bond for costs be filed in the office of the director within 20 days of the director's final order, (2) a petition be filed in the district court within 30 days of the director's final order, and (3) a transcript of the proceedings concerning the revocation of the license be filed before answer day. At the time of Armstrong's appeal, meeting these requirements was mandatory for a district court to acquire subject matter jurisdiction of an implied consent proceeding. See *Ernest v. Jensen, supra.*

The first two of these jurisdictional requirements are not at issue in this appeal. The record clearly shows that Armstrong timely executed a bond for costs and timely filed an appeal petition in the district court. We need only determine whether Armstrong timely filed a transcript of the proceedings before the director of the Department of Motor Vehicles.

The relevant language of § 60-420 (*Reissue 1984*), which governs Armstrong's appeal, stated:

> The applicant or licensee shall file a petition in such district court within thirty days from the date of filing of the director's final order in the matter *and shall file the transcript before answer day* which shall be the same as provided under the code of civil procedure in section 25-821.

(Emphasis supplied.) Section 25-821 requires a defendant to file an answer within 30 days after service of the summons and petition, and § 25-217 permits service upon a defendant any time within 6 months from the date the petition is filed with the court.

Applying the foregoing civil procedure statutes to the

requirements of § 60-420, Armstrong had 6 months from June 20, 1989, the date he filed his petition, to serve a summons upon the director of the Department of Motor Vehicles. Therefore, the latest possible date for service of summons was December 20, 1989, making the latest possible answer day 30 days later, January 19, 1990.

Assuming, but not deciding, that the director of the Department of Motor Vehicles had the authority to appear voluntarily in Armstrong's appeal, the fact that the director filed an answer on July 24, 1989, without being served a summons is of no consequence in determining whether Armstrong timely filed in the district court a transcript of the proceedings before the director of the Department of Motor Vehicles. To hold otherwise would permit a director of the Department of Motor Vehicles to thwart appeals by filing an answer before an answer date could ever be established, and a director could thereby prevent the timely filing of a transcript by an appellant.

The district court erroneously dismissed Armstrong's appeal for lack of jurisdiction. We, therefore, reverse the district court's order of dismissal and remand this cause for a hearing in the district court on the merits.

REVERSED AND REMANDED WITH DIRECTIONS.

GRANT, J., concurring.

I concur with the judgment of the court, but I do not agree with the statement that "the fact that the director filed an answer on July 24, 1989 . . . is of no consequence . . . ." I believe the director's filing of July 24 constituted a voluntary appearance and was "equivalent to service" within the meaning of Neb. Rev. Stat. § 25-516.01 (Reissue 1989). The fact that that voluntary filing was an answer does not change the application of Neb. Rev. Stat. § 25-821 (Reissue 1989), which, in substance, requires an answer to be "filed within thirty days after service" and thus establishes an "answer day," which may well be different from the day on which an answer is filed.

Under Neb. Rev. Stat. § 60-420 (Reissue 1984), plaintiff was required to "file the transcript before answer day." Answer day in this case would be calculated by counting 30 days from July 24, 1989, the date of service as determined by the date of the

filing of the director's voluntary appearance. That answer day would be August 23, 1989. Plaintiff filed the transcript from the director on August 21, 1989. I believe the district court had jurisdiction of the appeal from the director's order on that basis.

CAPORALE, J., joins in this concurrence.