GLENN G. PAYNE, APPELLANT, V. NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, APPELLEE.

536 N.W.2d 656

Filed August 29, 1995.   No. A-93-819.

Thom K. Cope, of Bailey, Polsky, Cope, Knapp & Nelson,
for appellant.

Don Stenberg, Attorney General, and Marie C. Pawol for
appellee.

SIEVERS, Chief Judge, and IRWIN and MUES, Judges.

MUES, Judge.

Glenn G. Payne appeals from the district court's dismissal of
his petition for review, in which he sought a reversal of the
Nebraska Equal Opportunity Commission's order denying his
claim of discrimination in violation of the Nebraska Fair
Employment Practice Act. Payne claimed that the Nebraska
Department of Correctional Services discriminated against him
on the basis of his race and disability while he was employed by
the department. Because the district court did not have

jurisdiction over Payne's appeal, we dismiss Payne's appeal before this court.

## STATEMENT OF FACTS

Glenn G. Payne, a black male, applied for a job as a corrections officer with the Nebraska Department of Correctional Services (DCS) in 1981. At the time of his application, he informed DCS that he had a 20-percent knee disability from his service in the military, which limited his ability to kneel for an extended period of time. Payne was hired by DCS and was promoted to corporal in 1983. During his employment, Payne held numerous positions, including officer in a housing unit, which required him to have prisoner contact when going to and returning from work. In addition, Payne was employed as a relief officer in the master control center, a position which required no inmate contact; as a relief officer at the front entrance, which required limited contact with prisoners accompanied by other corrections officers; and in the towers, which required the guard to climb two sets of stairs and serve an 8-hour shift before coming down.

During his employment, Payne had injured his knee several times and was allowed to work on crutches. During Payne's recovery from the knee injuries, DCS placed him in positions in which his disability was accommodated. In 1988, Payne was hit in the back while breaking up a fight in the prison's gymnasium. As a result of the incident, Payne was off work for a period of time and received a 17-percent permanent partial disability rating from his doctor. Payne filed a claim for workers' compensation benefits and received from the State a lump-sum settlement of $20,000. Payne was released back to work by his doctor in January 1990, with restrictions. On approximately January 29, 1990, DCS sent Payne a letter of termination, informing him that there was not a corrections officer position available to an individual with his limitations. Payne filed a discrimination complaint against DCS with the Nebraska Equal Opportunity Commission (NEOC), claiming that other DCS employees with disabilities who were not black were accommodated by DCS, and therefore, Payne had been discriminated against on the basis of his race and his disability.

After the parties submitted evidence and testimony to an NEOC hearing officer, the officer recommended to the NEOC that Payne's claim be denied. At a meeting in Omaha on October 16, 1992, the NEOC issued an order denying Payne's claim. The final order was served by mail upon Payne's counsel on October 21. Payne filed a petition for review in the district court for Douglas County on November 23. In addition, Payne served a copy of the summons and the petition on the NEOC, the Attorney General's office, and DCS on November 24. Payne served a request to prepare the official record of his case upon the NEOC on January 25, 1993.

Upon holding a hearing on Payne's petition for review, the district court ordered Payne's petition dismissed with prejudice. Payne appeals the district court's order.

### ASSIGNMENTS OF ERROR

Payne alleges the district court erred when it found (1) that Payne was not qualified to hold the position of corrections officer and therefore could not show he was discriminated against and (2) that the Workers' Compensation Act precluded recovery under the Nebraska Fair Employment Practice Act.

### STANDARD OF REVIEW

An appellate court, on its own motion, may examine and determine whether jurisdiction is lacking as the result of a procedural defect which prevents acquisition of appellate jurisdiction. *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994). It is not only within the power but the duty of an appellate court to determine whether the appellate court has jurisdiction over the matter before it. *Mason v. Cannon*, 246 Neb. 14, 516 N.W.2d 250 (1994). When a lower court does not gain jurisdiction over the case before it, an appellate court also lacks the jurisdiction to hear the merits of the claim. *Richdale Dev. Co. v. McNeil Co.*, 244 Neb. 694, 508 N.W.2d 853 (1993).

### ANALYSIS

Appeals from the NEOC are had under the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 1987 & Cum. Supp. 1992). Persons aggrieved by a final decision of an agency in a contested case are entitled to judicial review in the

district court under § 84-917. Subsection (2)(a) of that statute provides in part that

> [p]roceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record. Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action. If the agency whose decision is appealed from is not a party of record, the petitioner shall serve a copy of the petition and a request for preparation of the official record upon the agency within thirty days of the filing of the petition.

DCS argues that because Payne failed to file a request for preparation of the official record upon the NEOC within 30 days of filing the petition, the district court did not gain jurisdiction over the case, and therefore, this court has no jurisdiction.

The provision in § 84-917(2)(a) that requires a petitioner to serve a summons upon the parties of record within 30 days of filing the petition has been held by this court to be mandatory to confer jurisdiction on the district court. *Northern States Beef v. Stennis*, 2 Neb. App. 340, 509 N.W.2d 656 (1993). We believe that a timely filing of a request for the preparation of the official record is similarly a jurisdictional requirement.

We are aware that the Nebraska Supreme Court in *Maurer v. Weaver*, 213 Neb. 157, 328 N.W.2d 747 (1982), held that the preparation and *filing* of the transcript by the agency within the statutory timeframe were not jurisdictional requirements. In *Maurer*, the court addressed the requirements of § 84-917 (Reissue 1981). Subsection (2) of § 84-917 at that time provided that to obtain a review of the agency's final decision, an aggrieved party had to file a petition in the district court of the county where the action is taken within 30 days after service of the final decision and that "[a]ll parties of record shall be made

parties to the proceedings for review. . . . [A] copy of the petition shall be served upon any such agency together with the summons." Unlike the form of § 84-917 currently in force, the statute addressed in *Maurer* did not require a party to serve a request upon an agency to prepare a transcript under any circumstances. Therefore, that requirement was not in issue.

The provision regarding the *filing* of the prepared transcript or record by the agency found in both the 1981 version of § 84-917 discussed in *Maurer* and the current version is in subsection (4), a separate subsection from subsection (2), which instructs a petitioner how to perfect his or her appeal. Currently, subsection (4) requires an agency to prepare and transmit to the court a certified copy of the official record of the proceedings had before the agency within 30 days after service of the petition or within such further time as the court for good cause shown may allow.

The *Maurer* court noted that in contrast to the petition in error statute which imposes the burden upon the plaintiff in error to file the transcript, § 84-917(4) required the agency to file the transcript. Furthermore, as the court noted in *Ernest v. Jensen*, 226 Neb. 759, 415 N.W.2d 121 (1987), because the statute allows the filing deadline to be extended for good cause, "[t]he idea of a possible extension of a filing time militates against such a time's being jurisdictional." *Id.* at 762, 415 N.W.2d at 123. The language from the current version of § 84-917(2)(a) regarding appeals from party agencies and nonparty agencies is mandatory and requires the petitioner to take certain steps within fixed time periods. There is no provision, like that in subsection (4), which allows for an extension of time for good cause.

We conclude that because the requirement that a copy of the petition and a request for preparation of the official record must be served upon a nonparty agency within 30 days of filing the petition is found among the other requirements in § 84-917(2)(a) which a petitioner must meet for the district court to obtain jurisdiction, the serving of the request for preparation of the record becomes akin to the requirements of the current petition-in-error statute, Neb. Rev. Stat. § 25-1905 (Cum. Supp. 1994), which states in part: "The plaintiff in error

shall file with his or her petition a transcript of the proceedings or a praecipe directing the tribunal, board, or officer to prepare the transcript of the proceedings."

The Nebraska Supreme Court has repeatedly held that the provisions in § 25-1905 must be followed to confer jurisdiction on the district court. *Transcon Lines, Inc. v. O'Neal*, 230 Neb. 31, 429 N.W.2d 718 (1988); *Clark v. Cornwell*, 223 Neb. 282, 388 N.W.2d 848 (1986); *Glup v. City of Omaha*, 222 Neb. 355, 383 N.W.2d 773 (1986); *Fisher v. Housing Auth. of City of Omaha*, 214 Neb. 499, 334 N.W.2d 636 (1983); *Marcotte v. City of Omaha*, 196 Neb. 217, 241 N.W.2d 838 (1976); *Lanc v. Douglas County Welfare Administration*, 189 Neb. 651, 204 N.W.2d 387 (1973); *Anania v. City of Omaha*, 170 Neb. 160, 102 N.W.2d 49 (1960). Prior to 1991, § 25-1905 required the petitioner to file the transcript of the lower tribunal's proceedings with the petition in district court. The Legislature amended § 25-1905 in 1991 to allow a petitioner the alternative of filing a praecipe with the petition, requesting that a transcript be prepared. However, the Legislature did not change the statutory requirement that a petitioner must file either a praecipe or a transcript along with his petition, nor did it otherwise change the statute to indicate dissatisfaction with the Supreme Court's interpretation that the filings were jurisdictional.

■ The holding in *James v. Harvey*, 246 Neb. 329, 332, 518 N.W.2d 150, 152 (1994), which states that "[t]he filing of the petition and the service of summons are the two actions that are necessary to establish jurisdiction pursuant to the Administrative Procedure Act," is not dispositive of the issue before us. In *James*, the court addressed an appeal from a *party agency*. In such a case, § 84-917(2)(a) does not require a petitioner to serve a request for preparation of the official record of the agency. However, in the case at hand, the appeal is from an action taken by a *nonparty agency*. There are three requirements under § 84-917(2)(a) when a petitioner appeals from a nonparty agency action: (1) filing of a petition in the district court of the county where the action is taken within 30 days after service of the final decision of the agency, (2) service of summons on all parties of record within 30 days after the

filing of the petition, and (3) service of a copy of the petition and a request for preparation of the official record upon a nonparty agency which performed as a neutral factfinding body within 30 days of filing the petition.

While Payne filed a petition in district court within 30 days after service of the final order of the NEOC and served the parties of record and the NEOC with a summons within 30 days of filing the petition, Payne did not serve a request for preparation of the official record from the proceedings before the NEOC within 30 days of filing the petition. Instead, the request was served more than 60 days after filing the petition. Because we find that the serving of a copy of the petition and a request for preparation of the official record upon the nonparty agency whose action the petitioner is appealing is jurisdictional, the district court did not gain jurisdiction over Payne's appeal from the NEOC's final order, and therefore, this court cannot have jurisdiction over Payne's appeal. See *Richdale Dev. Co. v. McNeil Co.*, 244 Neb. 694, 508 N.W.2d 853 (1993). Payne's appeal is therefore dismissed.

APPEAL DISMISSED.

SIEVERS, Chief Judge, dissenting.

I must respectfully disagree with the conclusion of my colleagues that there is a third jurisdictional requirement under the Administrative Procedure Act when a case is appealed to the district court. In addition to the two requirements for perfection of jurisdiction set forth in Neb. Rev. Stat. § 84-917(2)(a) (Reissue 1994), i.e., the filing of the petition in the district court within 30 days and service of summons within 30 days of the filing of the petition, my colleagues have found that the service of "a request for preparation of the official record upon the agency within thirty days of the filing of the petition" is also a jurisdictional requirement.

In the case at hand, Payne filed his request for preparation of the record before the NEOC more than 60 days after the timely filing of his petition. The majority distinguishes *Maurer v. Weaver*, 213 Neb. 157, 328 N.W.2d 747 (1982), on the ground that the form of § 84-917(2) then in effect did not require a party to serve a request upon the agency to prepare a transcript. That may be true; however, the version of § 84-917(2)(a) and (4)

which my colleagues construe was in effect on July 8, 1994, when the Supreme Court decided *James v. Harvey*, 246 Neb. 329, 518 N.W.2d 150 (1994). The Supreme Court there said: "The filing of the petition and the service of summons are the two actions that are necessary to establish jurisdiction pursuant to the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 1987 & Cum. Supp. 1992)." 246 Neb. at 332, 518 N.W.2d at 152. Referencing *Maurer v. Weaver, supra*, the court in *James* also said: "Our holding that the filing of the transcript is not jurisdictional still applies . . . ." 246 Neb. at 332, 518 N.W.2d at 153. I would hold that consequently, the filing of the request for preparation of the record is also not jurisdictional.