GLENN G. PAYNE, APPELLANT, V. NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, APPELLEE.

542 N.W.2d 694

Filed January 26, 1996. No. S-93-819.

Thom K. Cope, of Bailey, Polsky, Cope & Knapp, for appellant.

Don Stenberg, Attorney General, and Marie C. Pawol for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

Petitioner-appellant, Glenn G. Payne, sought review by the district court of the Nebraska Equal Opportunity Commission's ruling that in discharging him from employment, the respondent-appellee, Nebraska Department of Correctional Services, did not violate the Nebraska Fair Employment Practice Act. The district court affirmed the commission's ruling, whereupon Payne appealed to the Nebraska Court of Appeals. It reasoned that as Payne had failed to make a timely

request for the official record of the proceedings before the commission, the district court lacked jurisdiction to review the matter, and thus dismissed the appeal without reaching the merits of the issues raised by Payne's assignments of error. *Payne v. Nebraska Dept. of Corr. Servs.*, 3 Neb. App. 969, 536 N.W.2d 656 (1995). We granted Payne's petition for further review and now, for the reasons hereinafter set forth, modify the judgment of the Court of Appeals by remanding the matter with the direction that it order dismissal of the district court proceeding and, as so modified, affirm.

The question presented, whether Payne timely perfected his appeal, is controlled by the language of Neb. Rev. Stat. § 84-917(2)(a) (Reissue 1994). Thus, the issue is one of statutory interpretation, a matter which presents a question of law in connection with which an appellate court has the obligation to reach an independent conclusion irrespective of the decisions made by the courts below. *ConAgra, Inc. v. Bartlett Partnership*, 248 Neb. 933, 540 N.W.2d 333 (1995). Stated another way, when a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the decisions made by the lower courts. See *Becker v. Nebraska Acct. & Disclosure Comm., ante* p. 28, 541 N.W.2d 36 (1995).

With that standard of review in mind, we turn our attention to the language of § 84-917(2)(a), which reads:

> Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency. All parties of record shall be made parties to the proceedings for review. If an agency's only role in a contested case is to act as a neutral factfinding body, the agency shall not be a party of record. In all other cases, the agency shall be a party of record. Summons shall be served within thirty days of the filing of the petition in the manner provided for service of a summons in a civil action. If the agency whose decision is appealed from is not a party of record, the petitioner shall serve a copy of the petition and a request for preparation of the

official record upon the agency within thirty days of the filing of the petition. The court, in its discretion, may permit other interested persons to intervene.

Although we cannot determine from the record that such is the case, since it makes no difference to the outcome, we assume, as have the parties, that Payne filed his petition seeking judicial review of the commission's ruling by the district court within 30 days of the date that ruling was served upon him, and we also assume that he obtained service of process upon the department, and needlessly upon the commission as well, within that same 30-day period. The record makes clear, however, that he did not request that the commission prepare the official record of its proceedings until after that 30-day period had elapsed.

In urging that his failure to have requested the official record of the commission proceedings within 30 days of the service upon him of the commission ruling does not defeat his appeal, Payne relies upon two prior decisions of this court: *Maurer v. Weaver*, 213 Neb. 157, 328 N.W.2d 747 (1982), and *James v. Harvey*, 246 Neb. 329, 518 N.W.2d 150 (1994).

It is true that in *Maurer*, we held that it was not a jurisdictional requirement that an agency prepare and file the official record within the statutory timeframe. However, § 84-917 (Reissue 1981), the version of the statute then in effect, not only did not under any circumstances require a party to serve a request for the preparation of the "transcript," it allowed for an extension of the filing deadline if the agency could show good cause. As noted in *Ernest v. Jensen*, 226 Neb. 759, 762, 415 N.W.2d 121, 123 (1987), "[t]he idea of a possible extension of a filing time militates against such a time's being jurisdictional." Section 84-917 makes no provision for extending the time within which one seeking judicial review must request preparation of the official record. Thus, *Maurer* provides no authority for resolution of the issue now before us.

Nor does *James* control the matter before us. It is true that therein, in the course of reviewing the appropriateness of a sanction imposed for a party's failure to timely prepare and file a record, we wrote that under § 84-917, the "filing of the petition and the service of summons are the two actions that are

necessary to establish jurisdiction . . . ." *James*, 246 Neb. at 332, 518 N.W.2d at 152. But the *James* dictum, *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995), was written in the course of deciding a case in which the agency was a party of record. In such an instance, § 84-917(2)(a) does not require that the party seeking judicial review request preparation of the official record; the agency is to prepare it without request. Here, the commission was a neutral factfinding body, an important distinction. See *Becker v. Nebraska Acct. & Disclosure Comm., ante* p. 28, 541 N.W.2d 36 (1995).

The controlling statutory language specifies that "[i]f the agency whose decision is appealed from is not a party of record, the petitioner shall serve a copy of the petition and a request for preparation of the official record upon the agency within thirty days of the filing of the petition." § 84-917(2)(a). The Legislature's use of the word "shall" in this context is significant. As a general rule, in the construction of statutes, the word "shall" is considered mandatory and inconsistent with the idea of discretion. *State ex rel. Smith v. Nebraska Liquor Control Commission*, 152 Neb. 676, 42 N.W.2d 297 (1950). Coupled with the fact that there are no provisions which would allow for the filing deadline to be extended, it is evident that the Legislature intended that a request for the preparation of the official record be made as a prerequisite to the exercise by the district court of its jurisdiction over the subject matter presented by Payne's petition.

As Payne failed to make such a request, the district court did not acquire the authority to review the commission's ruling. When a lower court lacks the jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Becker, supra; County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995); *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

Because the district court lacked the authority to exercise its jurisdiction over the subject matter presented by Payne's petition, the Court of Appeals' judgment of dismissal is

modified as set forth in the first paragraph of this opinion and, as so modified, is affirmed.

AFFIRMED AS MODIFIED.