# IN THE COURT OF APPEALS OF IOWA

No. 24-1354
Filed October 29, 2025

**MICHAEL ALEXANDER LAJEUNESSE,**
     Petitioner-Appellant,

**vs.**

**IOWA BOARD OF MEDICINE,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

     A petitioner appeals the dismissal of his petition for judicial review. **AFFIRMED.**

     Michael A. Lajeunesse, Anamosa, Iowa, self-represented appellant.

     Brenna Bird, Attorney General, and Jennifer Klein, Assistant Attorney General, for appellee.

     Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**GREER, Judge.**

Inmate Michael Lajeunesse appeals the dismissal of his petition for judicial review under Iowa Code section 17A.19 (2024). This is the fourth time in a half-decade that Lajeunesse has filed a pro se petition challenging the Iowa Board of Medicine's refusal to investigate Dr. Gregory Schmunk, the medical examiner who testified at Lajeunesse's criminal trial. We affirmed dismissal of similar requests for relief in three prior appeals. *See Lajeunesse v. Iowa Bd. of Med.*, No. 20-1295, 2021 WL 5918403, at *2 (Iowa Ct. App. Dec. 15, 2021) (petition for mandamus); *Lajeunesse v. Iowa Bd. of Med.*, No. 21-1071, 2022 WL 1100910, at *1 (Iowa Ct. App. Apr. 13, 2022) (petition for judicial review); *Lajeunesse v. Iowa Bd. of Med.* (*Lajeunesse III*), No. 23-0349, 2024 WL 707292, at *2 (Iowa Ct. App. Feb. 21, 2024) (petition for mandamus).

In his last case, Lajeunesse filed a petition for writ of mandamus seeking to compel the Board's review of medical records allegedly suppressed during his criminal proceedings. *See Lajeunesse III*, 2024 WL 707292, at *1. He claimed that review of these records was necessary "for their use in other legal proceedings against [Dr. Schmunk]." *Id.* The district court dismissed, finding a petition for judicial review was Lajeunesse's exclusive means to relief and that the Board decision at issue—"to not pursue an investigation or disciplinary proceeding"—was insulated from review. *Id.* A panel of our court affirmed on exclusivity grounds. *Id.* at *2. Although reviewability was not at issue in that case, we explained that the Board's decision not to investigate Dr. Schmunk "is not subject to judicial review." *Id.* (quoting Iowa Code § 272C.3(1)(d)).

Lajeunesse was undeterred. Days after we filed *Lajeunesse III*, he sent a letter to the Board incorrectly asserting "[t]he Iowa Court of Appeals has just . . . ruled you have to review the medical records under Iowa Code § 17A.2(2)." When the Board declined to take action, Lajeunesse filed a petition for judicial review. The Board moved to dismiss, contending Lajeunesse was barred from relitigating the same issues raised in his mandamus action and that judicial review was unavailable in any event. The district court agreed on both fronts, reasoning Lajeunesse's petition was an "attempt to repackage" his unsuccessful mandamus claim and noting "that any attempt to obtain judicial review . . . would be barred."

Once again, Lajeunesse appeals. He argues that issue preclusion does not apply because none of his "prior proceedings qualify as an adjudication on the merits." And he contends the district court should not have entertained the Board's motion in the first place. According to Lajeunesse, the Board was in default after it missed its deadline to respond under Iowa Rule of Civil Procedure 1.1602. Our review is for correction of errors at law. *Irland v. Iowa Bd. of Med.*, 939 N.W.2d 85, 89 (Iowa 2020).

On the question of preclusion, we decline to grapple with a technical analysis. Preclusive or not, what we said in *Lajeunesse III* remains just as true today: judicial review of the Board's decision not to investigate Dr. Schmunk is expressly foreclosed by statute. Iowa Code § 272C.3(1)(d) ("Notwithstanding the provisions of chapter 17A, a determination by a licensing board that an investigation is not warranted or that an investigation should be closed without initiating a disciplinary proceeding is not subject to judicial review pursuant to section 17A.19."); *see also Lewis Cent. Educ. Ass'n v. Iowa Bd. of Educ. Exam'rs*,

625 N.W.2d 687, 691 (Iowa 2001) (recognizing "the legislature may, by statute, make agency action unreviewable" provided it does so by express reference to chapter 17A). We also find no merit to Lajeunesse's procedural argument. Because judicial review proceedings are appellate in nature, delays by the responding agency do not entitle a petitioner to "default judgment" or similar automatic relief. *See Hartvigsen v. Iowa Dep't of Transp.*, 426 N.W.2d 399, 402 (Iowa 1988) (explaining that section 17A.19 makes "no provision for summary reversal as a sanction for an appellee's failure to abide by the rules"). The district court did not err in dismissing Lajeunesse's petition.

**AFFIRMED.**